[Civ. No. 8112.   Third Dist.   Oct. 3, 1952.]

RESA MILLER, Respondent, v. UNITED INSURANCE
COMPANY (a Corporation), Appellant.

Vernon F. Gant for Appellant.

Nathan B. McVay and C. O. Thrasher, Jr., for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment for plaintiff in an action to recover the death benefits payable under an insurance policy issued by defendant to deceased, plaintiff's husband, under which plaintiff was the sole beneficiary.

The facts pertinent to the questions raised show that William R. Miller, husband of plaintiff, while driving his automobile, successfully avoided a collision with another car by turning his car slightly to the left and suddenly applying the brakes. The sudden braking of the car caused him to be thrown forward, apparently striking his chest or side against the steering wheel. In that particular model car the two front seats operate independently of each other. The driver's seat is hinged to the floor at the front end thereof and operates as one unit; so that to gain entrance to the rear seat from the driver's side it is necessary to tilt the entire seat forward, over and against the steering wheel. The hinges are the only means by which the seat is held in place. The front seat on the other side is stationary but the back is hinged, allowing the back to be pushed forward and down.

Mr. Miller made no comment concerning his condition immediately following the accident and after driving approxi-

mately one-half block he turned to his wife and said, "That hurt me . . . I believe it broke my ribs." She suggested that he see a doctor but he replied, "No, maybe I'll be all right." But shortly before reaching home he again complained of pain. When they arrived home Mrs. Miller went into the house. Mr. Miller got out of the car, turned on the water in the yard and likewise went into the house. After entering he exhibited further distress, becoming quite pale and having apparent difficulty with breathing. He then got up from where he was sitting and went out to the front porch. Shortly thereafter plaintiff went out on the porch and found her husband dead.

The testimony of the autopsy surgeon who was called by plaintiff was that one of decedent's lungs was adhered to the wall of his chest, a condition probably caused by a prior injury, and that his death was caused by a hemorrhage from a tear of the bronchi tube. In response to a hypothetical question by plaintiff's counsel, summarizing the undisputed facts surrounding the occurrence. the doctor replied that from the history of the accident given to him the only thing to which he could ascribe the fatal injury was the accident. The mortician who assisted the doctor in performing the autopsy testified that the decedent's lung was completely adhered to the body, and although not qualified, he further testified that a twisting of decedent's body "in any way" would have caused his death.

No testimony was offered by the defendant. Following the submission of the case, findings were made in favor of plaintiff and judgment was entered accordingly. In particular the court found:

"That it is true that on the 28th day of May, 1949, in the County of Stanislaus, State of California, the said William Roscoe Miller, through accidental means, namely, through the accidental over-turning of the seat of the motor vehicle then and there being driven and operated by said William Roscoe Miller, caused by the sudden swerving and stopping of said vehicle in order to avoid a collision with another vehicle, collided with the inside front portion of said automobile, thereby sustaining bodily injuries, which, independently and exclusively of disease and all other causes, resulted in his death on said 28th day of May, 1949."

The defendant insurance company, on appeal, sets forth four separate contentions. However, an analysis of such contentions discloses that in fact there are only two: (1) that

the decedent was not injured by a peril insured against, and (2) that even assuming that his injury was caused by such a peril his death was not directly and independently of all other causes from bodily injuries sustained by accidental means.

The pertinent clause of the policy in question insures "against loss resulting directly and independently from all other causes from bodily injuries sustained by accidental means . . . .provided, such injury was caused solely by the collision or upset of any passenger automobile, motor bus or motor truck (tractors and trailers excepted), while the insured was riding or driving therein, or by being struck, knocked down or run over by such motor vehicle; . . ."

In support of its first contention appellant argues that since the insuring clause was not against the upsetting of the seat but was against "collision or upset of any passenger automobile . . . while the insured was riding or driving therein" therefore the finding of the court is not supported by the evidence, and that such finding does not come within the terms of the policy.

Secondly, it argues that the further words of the policy, "being struck, knocked down or run over by any such motor vehicle" likewise excludes decedent from the provisions thereof. This is true, defendant contends, because the words "any such motor vehicle" under the terms of the policy must refer to a vehicle other than the one in which the decedent was driving.

In answer to such contention, and in support of the judgment, respondent argues that the meaning of the word "collision" as used in the policy is not limited to a collision between the car driven by the insured and another vehicle but covers as well a collision between the car so driven and any other object. Hence respondent concludes that since decedent did in fact collide with the steering wheel of the car it was a peril insured against under the policy.

Furthermore, respondent argues that if the second clause of the policy, "struck, knocked down or run over by any such motor vehicle" does not cover such a situation then said clause is ambiguous and must be construed in light of the general rule relative to the construction of insurance contracts.

If appellant's contention is correct then the first clause in question would become operative only if there were a collision or upset of the car while the insured was driving or riding therein. However, if respondent is correct then an

occurrence such as a collision between the insured and the car which he was driving or riding in, in any way, or an upset such as the upsetting of the seat as in this case, is a peril within the provisions of the clause in question. As to the second clause of the paragraph, if appellant's contention is correct then such provision would become operative only if the insured were struck, knocked down or run over by a second vehicle. But if respondent's construction of the clause is correct then it is immaterial whether the injury resulted from the intervention of another vehicle or by contact with the vehicle in which the insured was riding or driving.

Thus, it is readily apparent that the court is confronted with two conflicting constructions of both of the clauses in issue. ██ If it can be said, and we do so conclude, that such clauses are reasonably susceptible of the construction argued for by the parties, then the problem must be determined in light of the well established rule enunciated in *Narver* v. *California State Life Ins. Co.*, 211 Cal. 176, 180 [294 P. 393]:

"It is a well-recognized rule of law that if any *uncertainties* or ambiguities *appear in an insurance policy which may be solved by either one of two reasonable constructions, one which is most favorable to the insured and which will give life, force and effect to the policy should be adopted.* The insurance Company having prepared the policy and all documents used in connection with its insurance, should not be heard to put such a construction upon an ambiguity, caused by it, as will defeat the policy and take from the beneficiary the very purpose and object of the insurance, if a reasonable construction upholding the insurance can be had that does no violence to the language used and the clear intention of the parties. (Citations.)" (Emphasis ours.) See, also, 29 Am. Jur. 180; 13 Appleman Insurance Law & Practice, page 163.

██ Reading the insurance policy in the light of the above rule it cannot be denied that the sole object of the insured in contracting with the defendant company for the policy here in question was to obtain insurance coverage while he was either "riding [in] or driving any passenger automobile, motor bus or motor truck."

Pursuant to such object the contract specifically refers to the peril of "collision or upset . . . [or] by being struck, knocked down or run over." Thus it can be seen that the coverage was intended to include the usually anticipated and accepted hazards of motor travel. Such a general clause,

we think, attempts to afford the insured broad coverage for injuries sustained while "riding [in] or driving any passenger automobile, motor bus or motor truck" and cannot and should not be narrowly construed. No attempt was made to enumerate specifically all of the situations therein included and from which injury to the insured might result. Hence under a reasonable construction of the contract, coverage is afforded not only as to those injuries which result from the hazards specifically enumerated, when narrowly interpreted, but also as to those injuries from other hazards normally incident while driving or riding in an automobile. A cogent illustration of this latter class of hazard is the injury that might occur from being bounced against the roof of a car if one came suddenly upon and crossed a mound in the road without sufficient opportunity to slow the car. In the instant case the decedent was confronted with an emergency situation and took appropriate action of avoidance. The sudden stop necessitated thereby caused the driver's seat to rise up and throw him against the steering wheel of the car with sufficient force to cause the fatal injury. Had the defendant company desired to exclude such an accident from the terms of the policy it could have easily done so in clear and unambiguous language. That it did consider exceptions is illustrated by its explicit exclusion of injuries occurring while an insured was driving or riding in a tractor or trailer. We therefore conclude that the peril out of which decedent's injury arose might well be construed by a reasonable man as being within the spirit and object of the coverage of this policy. Whether or not a strict literal reading, as appellant contends, would result in a like conclusion is immaterial. It necessarily follows under the rule enunciated in the Narver case that this court must construe the policy in favor of the insured and against the defendant company.

Appellant's next contention that the insured's death was not "directly and independently from all other causes from bodily injury sustained by accidental means," is likewise without merit. That the death of the insured was caused by "accidental means" as that term is defined by the California decisions cannot be doubted. (See *Davilla* v. *Liberty Life Ins. Co.*, 114 Cal.App. 308, 313-316 [299 P. 831].) Certainly it cannot be said that decedent, in turning his car and applying the brakes, intended by so doing either to come in "collision" with or to be "struck" by the steering wheel.

This leaves for consideration only the question whether the insured's death was caused "directly and independently from all other causes from bodily injuries." Appellant contends the medical evidence is undisputedly to the effect that "the cause of death was the diseased condition of the decedent's lung which resulted in a tearing of the . . . bronchi." In so stating the facts appellant has completely disregarded the testimony of the doctor that the cause of his death was "The throwing of his body against the wheel of that car" and that "the reason why he died is because of the tear and of the bleeding, the tearing loose in there and the blood. The only thing I could ascribe it to was the apparent type of accident in the car, that is the only thing I can refer it to. My records show that." Essentially appellant's argument is that decedent's preexisting physical condition was the cause of death, not his being struck by the steering wheel of the car when he put on his brakes and successfully avoided the collision. Although decedent was afflicted with a preexisting infirmity it was not, according to the doctor, such condition which caused his death, rather it was the force of the blow to decedent's chest when he came in contact with the steering wheel causing a tear in the bronchi, which in turn caused a hemorrhage with the resulting death.

It necessarily follows that the case comes squarely within the rule laid down in *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 309 [163 P.2d 689], where the court said: ". . . in our opinion . . . the correct rule [is] that the presence of preexisting disease or infirmity will not relieve the insurer from liability if the accident is the proximate cause of death; and that recovery may be had even though a diseased or infirm condition appears to actually contribute to cause the death if the accident sets in progress the chain of events leading directly to death, or if it is the prime moving cause. (Citations.)" (See, also, *Happoldt* v. *Guardian Life Ins. Co.*, 90 Cal.App.2d 386 [203 P.2d 55] ; 131 A.L.R. 240.)

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1952. Edmonds, J., was of the opinion that the petition should be granted.