[L. A. No. 5638.   In Bank.—November 20, 1920.]

GEORGE A. MARTIN, Appellant, v. PALMER UNION OIL COMPANY (a Corporation), Respondent.

[1] CORPORATIONS—CLASSIFICATION OF STOCK—PREFERENCE—AUTHORIZATION IN ARTICLES OF INCORPORATION ESSENTIAL—CONSTRUCTION OF CODE.—The plain purpose of subdivision 6 of section 290 of the Civil Code is that there shall be no classification of shares of corporate stock by way of preference between them unless such classification, with the preference or distinction upon which it is based, be stated in the articles of incorporation.

[2] ID.—NONASSESSABILITY OF STOCK — VOID CONTRACT OF SALE.—A contract between a corporation and a purchaser of its stock that the stock sold should be nonassessable is void in the absence of a provision in the articles of incorporation authorizing the issuance of nonassessable stock.

[3] ID.—FORMER DECISION OVERRULED.—The case of *Lum* v. *American Wheel Co.*, 165 Cal. 657, holding that a contract between a corporation and a stockholder that the shares of the latter were not assessable was valid, is overruled, not as necessarily incorrect in the principles declared therein, but as inadvertently applying those principles to a case where they were not applicable because of a positive statutory provision to the contrary.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Lewis A. Hilborn and Roy A. Bronson for Appellant.

Frank R. Wehe and John J. Squier for Respondent.

OLNEY, J.—This is an appeal by the plaintiff from a judgment against him rendered on demurrer to his complaint.  The action is one to compel the defendant company to recognize the plaintiff as the owner of three thousand two hundred shares of its capital stock, although such shares have been sold by the defendant to pay an assessment levied by it.  The sole question is as to the validity of the assessment.

2.   Validity of contract between corporation and stockholder as to nonassessable stock, note, **Ann. Cas.** 1915A, 821.

The assessment is attacked on the ground that it was levied in violation of an express contract by the defendant. It appears from the complaint that the stock of the defendant is divided into preferred and common shares, that stock of both kinds was issued, that in this situation the defendant sold six hundred thousand shares of its common stock, presumably treasury stock, under a contract that such shares should not be assessable and caused an indorsement to that effect to be placed upon the certificates issued to evidence such shares, that the plaintiff bought his shares direct from the company under this contract and received a certificate indorsed in accordance with it, and that the company nevertheless subsequently levied an assessment, sold the plaintiff's stock under it, and has since refused to recognize him as a stockholder. The complaint also sets forth, undoubtedly for the purpose of presenting the question of law in dispute between the parties, that neither the articles of incorporation nor the by-laws of the company contain any provision for the issuance of nonassessable stock.

It is apparent at once that the validity of the assessment depends upon the invalidity of the company's contract that the stock it was selling and of which the plaintiff bought a part should be nonassessable. The plaintiff relies upon the authority of *Lum* v. *American Wheel Co.*, 165 Cal. 657, [Ann. Cas. 1916A, 816, 133 Pac. 303]. It was there held that a contract between a corporation and a stockholder that the shares of the latter were not assessable was valid. · It is not certain on the face of the opinion whether it was intended to hold that such a contract is valid when a provision permitting it is found in the articles of incorporation, or that it is valid even if such provision were not found in the articles of incorporation. An examination of the record in the case, however, discloses that it nowhere appears that the articles of the defendant corporation contained any such provision. The record likewise discloses that, so far as appears, the contract involved was particular to the plaintiff and not common to all the stockholders, so that the effect of it would be at once to make a distinction between the shares of the plaintiff and the other shares of the corporation. The case decided, therefore, was exactly the one now presented.

Nevertheless, we believe the question is controlled by the provisions of subdivision 6 of section 290 of the Civil Code, reading: "Corporations formed for profit, pursuant to the provisions of this code, may, by their articles of incorporation, provide for the classification of their capital stock into preferred and common stock. In the event that the articles of incorporation shall provide for such classification the same must contain a statement of the number of shares of stock to which preference is granted, and the number of shares of stock to which no preference is  granted. The articles of incorporation shall also state, in clear and succinct manner, the nature and extent of the preference granted, and except as to  the matters and things so stated, no distinction shall exist between said classes of stock or the owners thereof."

[1] The plain purpose of this provision is that there shall be no classification of shares by way of preference or distinction between them unless such classification, with the preference or distinction upon which it is based, be stated in the articles of incorporation. A contract that certain shares should be nonassessable would at once create a preference or distinction and would come within the prohibition of the statute. It is true that the statute purports to be dealing with the matter of issuing preferred and common stock, and that when preferred stock is spoken of, without any specification of the particulars in which it is preferred, it is ordinarily assumed that the preference consists in a preferred right to dividends or to share in the capital assets upon dissolution, or to both. But while this is the preference which preferred stock ordinarily has, there is nothing in the statute to indicate that the preference which the statute provides can only be made when expressly authorized by the company's articles is limited to this particular kind of preference. The language of the statute is general, and we think it plain that it was intended, and very wisely, to prohibit any distinction or preference between shares of any nature whatever not expressly provided for by the company's articles of incorporation. [2] The contract under present discussion comes directly within this prohibition, was in fact an attempt to create in the general class of the defendant's common stock a subclass, so to speak, of preferred stock, having a special privilege,

that of nonassessability, not provided for in the defendant's articles. Such being its character, it was void.

[3] The opinion in *Lum* v. *American Wheel Co.* makes no mention of the code section, and an examination of the briefs in the case shows that it was not called to the attention of the court, except in a brief in reply to one by *amici curiae*. It was undoubtedly overlooked by the court, as otherwise the court could hardly have failed to mention and discuss it. The case must be overruled, not as necessarily incorrect in the principles declared, but as inadvertently applying those principles to a case where they were not applicable because of a positive statutory provision to the contrary.

Appellant's counsel seek to escape the force of the code section by advancing the proposition that a contract that all of the company's stock should be nonassessable would not be illegal, since in that case there would be no preference, and that the contract in the present case should be deemed such a contract, since by so treating it the taint of illegality can be avoided. The rule, of course, is that when a contract is equally capable of two constructions, one of which will make it illegal and the other not, the latter is to be preferred and adopted. But this is a rule of construction and has no application to a case where the intent of the parties is plain, and that intent is to do something which the law says shall not be done. Such is the present case. The intent to create a preference in the way of making six hundred thousand shares of the company's stock nonassessable, without similar provision as to the balance of the stock, is plain, and the statute says that no preference shall exist except as provided in the company's articles of incorporation.

Judgment affirmed.

Lennon, J., Sloane, J., Shaw, J., Wilbur, J., Lawlor, J., and Angellotti, C. J., concurred.