[Civ. No. 19849.   Second Dist., Div. One.   Mar. 15, 1954.]

JOHN BARKER, Respondent, v. JOHN W. SHERMAN et al., Appellants.

E. W. Miller for Appellants.

Fred G. Kennedy for Respondent.

DRAPEAU, J.—This action involves renewal commissions on life insurance claimed by an agent to be due him from the general agent of Pacific National Life Assurance Company, and from that company.

The parties entered into a written contract dated July 16, 1945. It was agreed that the agent would be paid commissions upon the cash premiums on new policies, in accordance with a schedule in the contract, and renewal commissions, while he continued in the service of the agency, for a period of nine years on all second and subsequent years' premiums, also in accordance with a schedule in the contract.

Paragraph 11 of the contract provides:

"Renewal commissions, as shown above, are payable under this contract only when new business issued and paid for in each contract year is equal to or exceeds the sum of Fifty Thousand Dollars ($50,000.00).

"Should renewals of the previous year's business be less than 65%, it shall in and of itself be deemed cause for modification or cancellation of this agreement."

By subsequent written agreement the parties amended paragraph 11 of the contract, as follows:

"Amending and modifying Paragraph 11—but no other:— At the end of three full years from date, providing this contract is in force at that time, renewals under this Contract shall become non-forfeitable for the term herein provided, if the agent has had issued, paid for and delivered business of the minimum of $50,000 per year on the annual basis. Dated January 1st, 1946."

The amendment was executed by the parties about July 1, 1946, and was predated six months.

Defendants notified plaintiff that they would pay no more renewal commissions; whereupon he brought this action.

It was stipulated at the trial that plaintiff sold according to his contract $50,000 worth of life insurance each year for three years from July 16, 1945, through July 16, 1948, and did not sell $50,000 worth of life insurance for three years from January 1, 1946, through January 1, 1949. It is conceded that plaintiff remained in defendant's employ for more than three years from the date of the amendment. He was paid renewals each year, including 1948.

The trial court found and adjudged that the agreement was that if the agent worked for his employers for three years from the date of the amendment he would be entitled to nonrevocable renewal premiums; that he did so work, and was, therefore, entitled to renewal commissions due, and as they would fall due for nine years from July 16, 1945. Defendants were directed to account to plaintiff as adjudged.

Defendants appeal from the judgment and from an order denying their motion for a new trial.

The vital question in controversy, then, centers upon the construction of the amendment. Plaintiff contends as he testified, that the amendment was "to guarantee the renewals for nine years whether I was in the employ or not after I put in the full three years."

This question must be resolved in favor of defendants, for there is no uncertainty in the contract as amended. Its terms are plain.

The original contract provided that while the agent continued in the service of the agency, for each year during which he sold $50,000 worth of life insurance he would be paid renewal commissions for nine years.

The amendment provided that if the contract was in force three years from January 1, 1946, and if the agent sold $50,000 of life insurance each year from the date of the amendment, renewal commissions would become nonforfeitable. Under the stipulation that he did not write the required amount of insurance from the date of the amendment, plaintiff has no rights under it. He must look to the original contract for his recovery.

In construing a contract the intention of the parties must "be ascertained from the writing alone, if possible." (Civ. Code, § 1639.) [2] When the language of a contract is plain and unambiguous it is not the province of a court to make a new one, or to rewrite or alter by construction what has been agreed upon. (*Jones* v. *Pollock*, 34 Cal.2d 863 [215 P.2d 733]; *Sass* v. *Hank*, 108 Cal.App.2d 207 [238 P.2d 652].)

However, there is no evidence in the record that the contract has been terminated. Paragraph 25 of the contract reads as follows:

"25. Termination of Contract. Violation by the Agent of any law, rule or regulation of any State Department having charge of the business of insurance in the territory assigned, or of the rules and regulations prescribed by the

Company, or default in or violation of the terms and conditions of this agreement shall constitute due cause for termination of this agreement at once and without notice; and this agreement may also be terminated, by either party by a notice in writing delivered personally, or mailed by registered mail to the other party at the last known address, at least thirty days before the date fixed in such notice for such termination.''

The judgment is reversed; the superior court is directed to retry the case in accordance with the construction of the contract and the views hereunder set forth; the appeal from the order denying a new trial is dismissed. (3 Cal.Jur.2d 500.)

White, P. J., and Doran, J., concurred.