[S. F. No. 20320. In Bank. May 22, 1961.]

CELESTE APRA, Appellant, v. CARMELITA T. AUREGUY, Respondent.

Bostwick & Caputo and Richard P. Caputo for Appellant.

William E. Ferriter for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action for an accounting of the amounts due on two notes and for an injunction enjoining defendant from refusing to reconvey to plaintiff one of the notes and a second deed of trust, plaintiff appeals.

*Facts*: On November 16, 1955, defendant purchased from plaintiff an apartment house at 649 Jones Street in San Francisco. Under the terms of the contract of sale, plaintiff agreed to accept: (1) the equity in a house in Belvedere, California, and the equity in an apartment house at 1836 Vallejo Street, San Francisco; (2) approximately $15,500 in cash; and (3) a note in the amount of $22,000, bearing interest at the rate of 6 per cent per annum beginning December 16, 1955, interest to be paid quarterly until December 16, 1956, at which time principal and interest payments were to be made monthly at the rate of $167 per month until the note was fully paid. The note was secured by a second deed of trust on the Jones Street property.

On March 1, 1956, defendant loaned to plaintiff the sum of $8,500. Plaintiff executed and delivered a promissory note for this amount to defendant. As security for his $8,500 note, plaintiff reassigned to defendant her $22,000 note and the deed of trust on the Jones Street property. On the same date the parties entered into an agreement which described

the above-mentioned transaction and also provided that if, after the payment and satisfaction of the $8,500 note, plaintiff wished to sell the $22,000 note and deed of trust, defendant was to have an option to buy them for the same price as might be offered by a bona fide purchaser.

The agreement further provided: "It is further understood that in consideration of the $8,500.00 loan, specified payments of interest and principal *shall be credited on the said $22,000.00 note and deed of trust as the same become due and payable until the due date of said $8,500.00 note, or earlier termination thereof as hereinafter provided.*" (Italics added.) Then followed provisions stating: (1) that if the Jones Street property was sold or transferred, plaintiff was to have the privilege of paying the $8,500 note; and (2) that the $22,000 note and deed of trust were to remain in escrow, subject to withdrawal only on the instructions of both parties, and subject to sale, etc., only with the consent of both parties.

Thereafter, plaintiff offered to pay off the $8,500 note by tendering the sum of $4,341 in full satisfaction thereof, and defendant refused such tender. On May 22, 1958, plaintiff filed his complaint in this action, requesting: (1) an accounting as to the amount due and owing to defendant on the $8,500 note; (2) an accounting as to the amount due from defendant on the $22,000 note and deed of trust; and (3) an injunction enjoining defendant from refusing to convey back to plaintiff the $22,000 note and deed of trust or the balance thereof.

The trial court found: (1) that the specified payments of interest and principal due on the $22,000 note should be credited on the $22,000 note and deed of trust as the same become due and payable [$167 a month] until the due date of the $8,500 note; (2) that the due date of the $8,500 note was March 1, 1959; (3) that plaintiff's tender of $4,341 in full satisfaction of the $8,500 note before the due date thereof was premature, as plaintiff was prohibited by the agreement of March 1, 1956, from paying or extinguishing the $8,500 obligation within the three-year period; and (4) that all specified payments of interest and principal of the $22,000 note were to be credited against the $22,000 note and deed of trust and not against the $8,500 note.

Plaintiff contends that the above-quoted provision of the agreement can be properly construed to mean only that the monthly payments to plaintiff from defendant on the $22,000 note should be credited to the $22,000 note and at the same

time credited to the $8,500 note executed by plaintiff in favor of defendant, and that the trial court's construction was therefore erroneous.

*Question:* **What is the proper construction of the above-quoted provision of the agreement?**

The agreement between the parties was clear and unambiguous, and no parol evidence was received in the trial court. Accordingly, the construction of the contract by the trial court presents a question of law for this court to determine. (*Meyer* v. *State Board of Equalization*, 42 Cal.2d 376, 381 [2] [267 P.2d 257]; *Moore* v. *Wood*, 26 Cal.2d 621, 629 [5] et seq. [160 P.2d 772]; *Estate of Platt*, 21 Cal.2d 343, 352 [4] [131 P.2d 825].)

Under the agreement it is provided that the monthly payments due on the $22,000 note "shall be credited on the said $22,000 note and deed of trust as the same become due and payable." Nowhere in the agreement is it provided that said payments should also be credited to the $8,500 note executed by plaintiff in favor of defendant. To construe the agreement as requiring that the payments be credited to the $8,500 note would be to write into the agreement a provision which the parties did not make either expressly or by implication. Clearly, neither the trial court nor this court is empowered to make for the parties a contractual arrangement which they did not see fit to make themselves.

The rule is stated in *Tanner* v. *Title Ins. & Trust Co.*, 20 Cal.2d 814, 824 [9] [129 P.2d 383], as follows: "To sustain the respondents' contention . . . a limitation would have to be added. . . . But in the absence of fraud or mistake, the intention of the parties as expressed in the agreement is controlling, and courts are not empowered under the guise of construction or explanation to depart from the plain meaning of the writing and insert a term or limitation not found therein."

Likewise, it is said in *Southern Calif. Gas Co.* v. *Ventura etc. Co.*, 150 Cal.App.2d 253, 257 [5] et seq. [309 P.2d 849]: "It is well settled, however, that in the absence of substantial parol evidence tending to solve an ambiguity, the terms of the writing will not be extended by implication . . . . 'It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; and courts will not, because a more equitable result might be reached thereby, construe into the contract provisions that are not therein.

[Citation.] In construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not add thereto another term, about which the agreement is silent. [Citation.]' "

(See also *Piazzini* v. *Jessup,* 153 Cal.App.2d 58, 62 [6] [314 P.2d 196] ; *Estate of Bodger,* 130 Cal.App.2d 416, 425 [10] [279 P.2d 61] ; *Barker* v. *Sherman,* 123 Cal.App.2d 810, 812 [2] [267 P.2d 863].)

The finding of the trial court is in accordance with the unambiguous agreement of the parties.

Plaintiff contends that his interpretation should be adopted because under it the contract would be lawful, whereas under the trial court's construction the contract is usurious. However, this question will not be considered by us, since it is established that questions not raised in the trial court will not be considered on appeal. (*Fomco, Inc.* v. *Joe Maggio, Inc., ante,* pp. 162, 166 [10 Cal.Rptr. 462, 358 P.2d 918] ; *Algeri* v. *Tonini,* 159 Cal.App.2d 828, 832 [2] [324 P.2d 724] ; 3 Cal.Jur.2d (1952) § 140, p. 604.) In the instant case the issue of usury was not raised by the complaint or at the trial.

[██] Furthermore, the rule that when a contract is equally capable of two constructions, one of which will make it illegal and the other not, the latter is to be preferred and adopted, is a rule of construction and has no application to a case where the intent of the parties is plain. (*Martin* v. *Palmer Union Oil Co.,* 184 Cal. 386, 389 [193 P. 950] ; *Bolen* v. *Parks,* 149 Cal.App.2d 460, 468 [3] [308 P.2d 521].)

Affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.