[Civ. No. 7026. Fourth Dist. Feb. 5, 1963.]

B. L. METCALF GENERAL CONTRACTOR, INC., Plaintiff and Respondent, v. EARL ERNE, INC., Defendant and Appellant.

Thurman & Barrett and Ernest V. Barrett for Plaintiff and Respondent.

William Hicks for Defendant and Appellant.

MONROE, J. pro tem.*—In March of 1959 the petitioner, as a general contractor, entered into a contract for the construction of the Pacoima Memorial Lutheran Hospital and thereafter, under date of March 23, 1959, entered into a subcontract with defendant whereby the latter undertook to furnish labor and materials for the plumbing, heating, ventilating, and fire protection system for the agreed price of $374,970. This agreement contained the following provisions:

"Seventh: If, in the opinion of the Contractor or the Owner's representative or the Architect, the Subcontractor fails to perform his work in accordance with this agreement, and should such failure continue for twenty-four consecutive hours after service of a written notice to the Subcontractor, specifying the particulars of such failure, served personally or mailed to the Subcontractor, then such failure and continuance thereof shall constitute a breach of contract by the Subcontractor, and such breach shall entitle the Contractor to terminate the contract and complete the work himself, or cause the work to be completed by others, and the Subcontractor agrees immediately to repay all costs and damages sustained by the Contractor on account of such failure; and any and all material and equipment of the Subcontractor on the site or in the Subcontractor's plant, may at the option of the Contractor be used or rejected.

"Eighth: If at any time any controversy should arise between the Contractor and the Subcontractor regarding anything pertaining to this agreement and which the parties hereto do not adjust and determine, or which the Owner's representative or Architect cannot decide to the satisfaction of both parties, then the written orders of the Contractors shall be followed and said controversy shall be decided by arbitration upon completion of the work."

The defendant proceeded with performance under the contract. Petitioner claimed that defendant had breached the contract by faulty performance in a number of particulars and after having given notices thereof, sent to the defendant a telegram dated July 19, 1960, stating as follows:

*Assigned by Chairman of Judicial Council.

"Due to your continued failure after two written notices to supply 1 sufficient material and workmen 2 comply with urgent schedules 3 laxity in cooperation and coordination we ar- forced to terminate your contract and for Aticl 7 on Pacoima Hospital datd March 23rd 1959-"

Thereafter, on December 14, 1960, petitioner made written demand on defendant to submit their differences concerning the contract to arbitration, which demand was refused. Thereupon, this proceeding was started for the purpose of securing an order for statutory arbitration.

The defendant filed an answer in opposition to the petition in which he claimed in substance that the subcontract was prepared by petitioner and should be construed against petitioner, and further claimed that the agreement for arbitration applied only to a situation where performance of the subcontract was completed and did not apply where the contract was terminated.

The trial court held that the answer raised no issues of fact with reference to the right to arbitration, and appointed Mr. A. K. Phelps, an attorney at law, as arbitrator. After a lengthy hearing, the arbitrator made an award in favor of petitioner in the amount of $70,007.60, for which amount judgment was rendered. The defendant appeals.

Appellant and respondent are in accord that the orders and judgment of the trial court constitute a determination of the construction to be placed upon the terms of the contract as a matter of law. The defendant and appellant contends, in substance, that a correct interpretation and construction of the contract is that the provisions for arbitration apply only to disputes which may arise during the course of the work but the performance of the contract is nevertheless completed, leaving the disputes to be determined by arbitration after such completion. Appellant further contends that the determination of the subcontract by written notice destroyed and terminated the contractual relation and that therefore no provision for arbitration remained. Respondent contends that the correct interpretation is that any dispute or claim arising out of the performance of the contract was properly subject to arbitration; that termination for breach by notice given left undetermined the amount of damages to be awarded; that such claim for damages was a proper one for arbitration; and that the award should be upheld. This, evidently, was the construction by the trial court.

It is well established that where the interpretation and construction of a contract is based upon the contract alone and not upon extrinsic evidence, the proper interpretation upon appeal is a matter of law. In such a situation the appellate court has no alternative except to consider and interpret the contract. (*Moffatt* v. *Tight,* 44 Cal.App.2d 643 [112 P.2d 910] ; *Estate of Helfman,* 193 Cal.App.2d 652 [14 Cal.Rptr. 482] ; *Apra* v. *Aureguy,* 55 Cal.2d 827 [13 Cal.Rptr. 177, 361 P.2d 897].)

Therefore, the rule that the court will prefer the construction placed upon the document by the trial court, if reasonable, as set forth in *O'Hare* v. *Peacock Dairies, Inc.,* 26 Cal. App.2d 345 [79 P.2d 433], and *Estate of Sandersfeld,* 187 Cal.App.2d 14 [9 Cal.Rptr. 447], does not apply. In this case, no attempt was made by either party to present extrinsic evidence reflecting upon the meaning of the contract.

It is true that if a contract which contains provision for arbitration has been entirely rescinded or abandoned the provision for arbitration ceases to exist. (*Silva* v. *Mercier,* 33 Cal.2d 704, 709 [204 P.2d 609].)

However, each contract must be construed in order to effectuate the intent of the parties, if that intent can be ascertained from an examination of the document. It is established that where a contracting party in the course of performance has committed a breach or breaches, the other party has the right and option to determine what remedy he will pursue. In such a situation he has the option to terminate the contract for cause and such right to terminate may be provided by the terms of the contract. (12 Cal.Jur.2d 406.) The giving of notice to terminate the contract for breach does not prevent the party giving such notice from presenting his cause of action for damages accruing up to the time of the breach. (12 Cal.Jur.2d 492.) In *Sobelman* v. *Maier,* 203 Cal. 1 [262 P. 1087], the court commented on page 8 that the parties had given notice of termination and had thus elected to hold the defendants responsible for damages up to the date of the notice. The court stated, ''In this action plaintiffs are standing upon the contract and could at least hold appellants liable for all damages accruing prior to the service of notice.''

It will be seen, therefore, that the provisions of the seventh paragraph of the contract here involved are generally in accord with the rule that where there has been a breach by

one party the other party may elect to terminate the contract because of the breach and may recover damages resulting from such breach.

It is true that the eighth paragraph of the contract could have been made more definite and explicit. Some room is left for misconstruction and it is this fact that has caused the present appeal. The appellant contends that the provision that the controversy will be determined by arbitration ''upon the completion of the work,'' compels the construction that arbitration is to be indulged in only in case the contract is entirely completed by the subcontractor. It is urged, therefore, that when the contract has been terminated the provision for arbitration is not applicable.

The distinction between ''rescission'' and ''termination'' is important in arriving at a correct solution. It is contemplated that upon rescission all parties are to return those things of value which they have received and they are to be put *in statu quo*. ''Termination,'' however, contemplates the right of one contracting party to terminate further performance because of the breach of the other. In such case the party giving notice of termination may proceed to present his claim for damages by reason of the breach up to that date. That right having been reserved by the seventh paragraph of the contract, it becomes apparent that the parties contemplated that if there was a failure of proper performance the contract might be terminated and damages recovered or the work might be completed and damages recovered thereafter. In case the breach or failure of performance was of such nature that some portion of the work would have to be torn out and replaced, a ''termination'' of the contract would probably be preferable.

Taking the contract by its four corners there appears no persuasive reason why the parties would intend that damages be fixed by arbitration in one case and not in the other. A construction that the agreement for arbitration is to be properly applied to both situations is, therefore, entirely reasonable.

It is generally held that where the provision for arbitration is in general terms, the contract will be properly construed as including any dispute between the parties growing out of the contract and its performance. (See *Fischer* v. *Superior Court*, 105 Cal.App. 466 [287 P. 556]; 6 C.J.S. 221; 5 Cal.Jur.2d 84.)

The language of this contract is "... if at any time any controversy should arise between the contractor and subcontractor regarding anything pertaining to this agreement...." In view of the rules referred to, it becomes apparent that the only reasonable construction is that the parties intended that the agreement to arbitrate was applicable either upon termination of the contract or in case of unsettled disputes which were to be determined after the contract was completed. It is apparent that in many situations where the contract might have been terminated for improper performance it would involve considerable time and work before the actual damage could be determined. This would be true in case it became necessary to remove material already installed and replace it. In such event it might be an impossibility to determine the damage before the contract was entirely completed.

It is possible that a situation might have arisen where the rights of the parties would have become fixed in all respects except as to the amount of damage very shortly after the performance had been started, and it is entirely probable that in such a situation an arbitration prior to the completion of the contract would have been in order. Such a possibility, however, is not within the issues involved upon this appeal. It is unnecessary for this court to go further than to decide that the proper construction of this contract, as applied to the situation here involved, was that the provision for arbitration was applicable. The construction by the trial court was therefore correct.

It is further contended that because the form of contract was presented by the petitioner the contract should be construed most strongly against it, pursuant to the provisions of section 1654 of the Civil Code.

It is held, however, that this section is not determinative when the contract may be properly construed by the application of other rules of construction. (*Weaver* v. *Grunbaum,* 31 Cal.App.2d 42, 49 [87 P.2d 406].)

It is held that section 1654 of the Civil Code means that the court will indulge in that construction which is most favorable to the party who did not draw the contract, in case there be an uncertainty of construction. (*Miller* v. *United Ins. Co.*, 113 Cal.App.2d 493 [248 P.2d 113].)

In any event it is apparent that the rule would be of no practical application in a situation here involved. The pur-

pose of the rule is to authorize the court, when other rules of construction are not determinative, to indulge in that construction which would be most favorable to the party who did not prepare the contract. In this instance the only question in dispute is whether the provision for arbitration is applicable. True, it happens in this case that the defendant and appellant prefers not to have arbitration, yet in a contract involving the identical language and involving a similar set of facts another defendant might well prefer to have arbitration. It is not the meaning in section 1654 that the construction to be indulged in is that which one of the parties wants at the time. To the contrary, it is a direction to the court to favor that construction which, in its enforcement, would be more favorable to the party in question. It is apparent, therefore, that the rule has no applicability whatever in this situation.

The only other question raised by appellant is the claim that Mr. Phelps should not have been appointed as arbitrator because he was suggested by the petitioner. There was no showing made at any stage of the proceeding that Mr. Phelps was not impartial or that he was connected in any way with the petitioner. To the contrary, there is uncontradicted proof that he was not so connected and that he was entirely impartial. It is apparent from the record that he was known to the trial court, who recognized his ability and impartiality. No other party was nominated by the appellant. His selection by the trial court was therefore entirely proper.

No other claim of error having been presented, the judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.