[Civ. No. 170.   Fifth Dist.   Apr. 11, 1963.]

NANCY JO BARNTHOUSE, a Minor, etc., Plaintiff and Respondent, v. CALIFORNIA STEEL BUILDINGS COMPANY et al., Defendants and Appellants.

Chinello & Chinello and John D. Chinello for Defendants and Appellants.

Crowe, Mitchell, Hurlbutt & Clevenger and Edmund C. Hurlbutt for Plaintiff and Respondent.

BROWN (R.M.), J.—This appeal is taken from a judgment entered on a jury verdict awarding $10,000 to Nancy Jo Barnthouse, a female minor child, as damages for personal injuries resulting from falling through openings between the seat board and the backrest and behind the top row of grandstand seats at the Madera County Fairgrounds to the ground 30 feet below. Defendants-appellants, California Steel Buildings, Inc., a corporation, and its predecessor, California Steel Buildings Company, a copartnership, raised two issues on appeal, (1) the evidence is insufficient as a matter of law to support the verdict and the judgment, and (2) error in giving and refusing instructions.

Facts pertinent to this opinion may be summarized as follows: That the grandstand was constructed in 1953 by the appellant copartnership, an independent contractor; that it was accepted and paid for by the County of Madera which had furnished plans and specifications approved by the State Board of Architects; that the appellant corporation is the successor of the appellant copartnership; that the condition of the grandstand, insofar as is here relevant, was the same on June 11, 1959, the date of the fall, as it was upon completion in 1953.

As constructed, the grandstand consists of an all-metal structure with tiers of wooden seats, broken by aisles to and including the next to the top row. The top row of seats is continuous. A metal roof or canopy covers the top. From the outer edge of the roof extending downward to a point approximately level with the floor in front of the top row of seats is a metal backing or siding. The distance from the back of the seat rests to the metal backing is 7 inches and from a level approximately even with the seat boards the distance is 14 inches. This area behind the top row of seats to the metal backing is not floored. In front of all seats and

in the aisles is wooden floor decking of 2-inch by 12-inch boards with no opening greater than 1 inch. The seat consists of two wooden boards each 6 inches in width, making a 12-inch seat from front to back. A 3-inch by 6-inch board mounted on a pipe column forms the backrest. The open space between the top of the seat boards and the bottom of the backrest is 10 inches, uniform throughout all seats, including the top row. Thus, there is a 14-inch horizontal open space behind the top row of seats at the seat level and a 10-inch vertical space between the seat boards and the bottom of the backrest. On June 11, 1959, the plaintiff, who was then 4 years and 10 months old, while attempting to seat herself on the top row of seats, fell through these spaces to the ground below.

At the inception of trial the minor plaintiff received $7,000 and plaintiff D. C. Barnthouse, her father, received $2,000 covering his consequential damages, from defendants County of Madera, Madera County Livestock Association, a corporation, Madera County Fair, and Chowchilla Union High School District, and the action was dismissed as to those defendants.

■ From our review of the large body of decisional law relating to the prolongation of liability of an independent contractor whose work has been completed for injuries sustained as result of defective construction work, the following rule applicable to the facts briefly recited above emerges: When the work has been performed in accordance with plans and specifications furnished by the owner which the contractor is bound to follow and the completed work has been accepted by the owner, the contractor is not liable to a third person for injuries resulting from a structural defect. It is said that the injury-causing defect is the proximate result of fault in the plans and specifications and not the result of negligence on the part of the contractor (*Johnson* v. *City of San Leandro,* 179 Cal.App.2d 794, 801 [14 Cal.Rptr. 404]). The rule enunciated in the *Johnson* case finds support in language contained in *Chance* v. *Lawry's, Inc.,* 58 Cal.2d 368, 379 [24 Cal.Rptr. 209, 374 P.2d 185], where the court distinguished *Johnson* from the case before it and stated: ''This is not a case where 'an accident is the result of work done by a contractor in conformity with plans and specifications . . . and is the result of fault in such plans and specifications. . . .' '' In our case the plans and specifications were

prepared or caused to be prepared by the County of Madera. Thus, the primary question is whether or not the grandstand was constructed in accordance therewith.

Paragraph 3 of the specifications provides for the method of constructing the seats. It is then provided, "Provision shall be made so that there is no opening through the floor under seats larger than 1" wide. The intent of this specification is to provide solid decking under seats so that no object or person may fall through."

Plaintiff contends that the quoted portion of the specification required defendants to deck or floor *behind* the top row of seats, and that failure so to do removed defendants from the protection of the *Johnson* rule. Defendants contend that the plans and specifications required them to deck *under* but not *behind* the top row of seats and that the plans and specifications were carefully carried out. They urge that the implied finding of the jury to the contrary is not supported by the evidence.

"As has so frequently been said, it is the general rule that on appeal an appellate court (1) will view the evidence in the light most favorable to the respondent; (2) will not weigh the evidence; (3) will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact; and (4) will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof." (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P. 2d 557].)

Plaintiff argues that the evidence consisting of the specification itself, photographs of the grandstand in its existing condition, a jury view of the premises and testimony of Mr. McCleary, a member of the contractor partnership, that objects such as a handbag, program, or a small child could fall from and behind the top row of seats to the ground, created a conflict with testimonial evidence elicited by defendants from Mr. Green, secretary-manager of Madera County Fair Board, Mr. McCleary, Mr. Kolb, a member of the subcontractor firm which installed all woodwork including floor decking, and Mr. Gill, employed by the Madera County Fair Board to inspect the grandstand during construction, that the work was completed in conformity with plans and specifications; that the conflict was resolved by the jury, and its implied finding that the plans and specifications were not met is binding upon this court. The fallacy of the argument is that the

testimony of Mr. McCleary that objects could drop from and behind the top seat, the photographs and the jury view of the grandstand are evidence of the manner in which the grandstand admittedly was constructed, not interpretive evidence in aid of construing the specifications for the purpose of determining whether or not the grandstand was constructed in accordance with the plans and specifications. The jury would be entitled to consider such evidence on the issues relating to negligence only if it first found that the plans and specifications were not met. The only other item of evidence on which plaintiff relies is the above quoted portion of the specification. It is therefore obvious that the jury made its determination of what the contracting parties intended by the specification and whether that intent was met from the four corners of the writing.

■ It is familiar law that a reviewing court is not bound by the construction of a written instrument based solely upon its own terms but must make the final determination in accordance with law (*Apra* v. *Aureguy,* 55 Cal.2d 827, 830 [13 Cal.Rptr. 177, 361 P.2d 897]; *Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825]). In making the determination we must look to the plans as well as the specifications. None of the detailed plans show decking *behind* the top row of seats. The specification itself merely provides that defendants deck under seats. There is no express requirement of decking behind the top row of seats. Neither from the plans nor from the specifications can a requirement that such decking be installed *behind* the top row of seats be inferred.

To hold that such decking is required behind the seats would result in absurdity if the grandstand were open, for it would mean that a contractor is required in every case to construct a dangerous ledge of ad infinitum width outside the grandstand at the level of the uppermost tier of seats. Does the fact that this particular grandstand is roofed compel a different result? We think not. The roof and metal siding extending downward a few inches in back of the top row of seats did not contribute to the unfortunate accident. Had it not been there, the accident would have occurred in the same manner.

■ We are compelled to conclude that the grandstand was built in accordance with plans and specifications which defendants were bound to follow because of their contractual obligation with the County of Madera. There is thus no evi-

dence supporting the contrary conclusion drawn by the jury and its verdict must fall.

Plaintiff relies on *Stewart* v. *Cox*, 55 Cal.2d 857 [13 Cal. Rptr. 521, 362 P.2d 345]; *Dow* v. *Holly Manufacturing Co.*, 49 Cal.2d 720 [321 P.2d 736]; and *Tomchik* v. *Julian*, 171 Cal.App.2d 138 [340 P.2d 72], as establishing or supporting the general rule that a contractor is liable to third persons for negligence which causes a reasonably foreseeable danger to them and building contractors are no longer insulated from liability by reason of completion and acceptance by the owner. We do not understand those cases as promulgating a broad general rule applicable to any and all cases involving liability of contractors to third persons for defects in construction. None of those cases involve factual situations comparable to the one in the instant case. None involve construction work which has been completed in accordance with the owner's plans and specifications. None is contrary to *Johnson* v. *City of San Leandro, supra*, 179 Cal.App.2d 794. Nor has our exhaustive research disclosed a more recent case which overrules or disapproves *Johnson*, either expressly or *sub silentio*.

No other points raised by appellants require discussion.

Under the authority of *Johnson*, the judgment against defendants is reversed.

Conley, P. J., concurred.

STONE, J.—I concur in the result. I agree that the judgment should be reversed, but for a different reason from that expressed in the majority opinion. The record supports the majority view that there is no evidence of failure on the contractor's part to comply with the plans and specifications. But I cannot agree that compliance with the plans and specifications, and acceptance by the owner, clothed the contractor with complete immunity from liability after the date of acceptance. The majority opinion relies upon the broad language of *Johnson* v. *City of San Leandro*, 179 Cal.App.2d 794 [4 Cal.Rptr. 404], which does protect the contractor under such circumstances. However, as I read the Supreme Court case of *Stewart* v. *Cox*, 55 Cal.2d 857 [13 Cal.Rptr. 521, 362 P.2d 345], which followed the *Johnson* case, the rule is far from being inflexible. Examples of factual situations which may be exceptions to the broad language used in the *Johnson* case, are cited in *Stewart*.

A reasonable exception, it appears to me, arises if a contractor builds a structure that constitutes an obvious danger to life or limb, or constitutes a hidden peril or "trap" that should be obvious to the contractor. (Cf. *Dow* v. *Holly Mfg. Co.*, 49 Cal.2d 720, 724 [321 P.2d 736].) New York courts have applied this principle to cases arising under similar circumstances. In *Roth* v. *Great Atlantic & Pacific Tea Co.*, 108 F.Supp. 390 at page 394, the court said:

"In New York, a builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury. *Ryan* v. *Feeney & Sheehan Building Co.*, 239 N.Y. 43 [145 N.E. 321, 41 A.L.R. 1]."

In light of the facts of the case before us, whether the opening behind the seat and between the seat and the wall constituted an obviously dangerous condition or trap to a child of tender years is a question of fact. Therefore the case should not have been submitted to the jury on the question of whether the contractor complied with the plans and specifications and there had been an acceptance by the owner. Rather the issue should have been whether even though complying with the plans and specifications the contractor created a dangerous structure or one embodying a hidden peril or trap—a condition that should have been obvious to a licensed contractor.

A petition for a rehearing was denied May 8, 1963, and respondent's petition for a hearing by the Supreme Court was denied June 4, 1963.