**CONTRACTORS OF ENGINEERING AND MANUFACTURING OF OKLAHOMA, INC., a corporation, Appellant,**

v.

**WILLIAMS AUTOMATIC SPRINKLER CO., INC., a corporation, Appellee.**

No. 46475.

Supreme Court of Oklahoma.

Oct. 8, 1974.

**326**

G. Timothy Armstrong and W. Samuel Dykeman, of Dykeman, Williamson & Williamson, Oklahoma City, for appellant.

Ross, Holtzendorff & Bond by James H. Ross, Oklahoma City, for appellee.

BARNES, Judge:

In December, 1967, one Harms, apparently as the owner of Oklahoma City's Lincoln Lanes Building, entered into a contract to provide this building with fire protection by the installation in it of a sprinkler system to be installed by the Appellee, usually hereinafter referred to as "defendant".

After the installation had been completed and accepted by the building owner in February, 1968, freezing weather subsequently occurred in December of that year and some of the sprinkler system's pipes in the building's attic froze and broke open, allowing the building's interior beneath to be flooded with water which damaged and/or destroyed various items of personal property therein belonging to Appellant, a lessee and occupant of the building.

When Appellant, hereinafter referred to as "plaintiff", thereafter instituted this action, seeking recovery of its losses, against Appellee and other defendants, Appellee filed an answer denying it had breached any duty it owned plaintiff after the building owner's acceptance of the installation job. Thereafter, when this answering defendant filed a motion for summary judgment, attaching thereto an exhibit showing that in the specifications for the job there had been included a provision that the building owner "is to provide sufficient heat in attic space to prevent piping from freezing . . . ", the trial court sustained said motion and entered summary judgment for defendant, noting therein that plaintiff had "offered no response to the evidence attached to defendant's motion. . . . "

Thereafter, plaintiff lodged the present appeal from said judgment, and, in an [unpublished] opinion, the Court of Appeals reversed and remanded the case upon application to it of the first paragraph of the syllabus in Schlender v. Andy Jansen Co., Okl., 380 P.2d 523. We have concluded that said Court erred and that defendant's petition for certiorari should be granted.

The proposition the Court of Appeals relied upon, as enunciated in Schlender, supra, is as follows:

"1. Generally, as a matter of public policy, a builder's liability to third persons for negligent construction is terminated upon acceptance by the contractee, but where the contractor has wilfully created a condition which he knows, or by the exercise of ordinary diligence should have known, to be immediately and certainly dangerous to persons other than the contractee, who will necessarily be exposed to such danger, considerations of public policy do not require the application of the general rule."

At the outset, we have no hesitancy in concluding that the exception to the general rule referred to in Schlender, supra, has no application to the uncontroverted facts of the present case because of the above mentioned exhibit attached to defendant's summary judgment motion, which, as we have seen, the trial court noted was not denied by plaintiff. As will be perceived from that exhibit, according to the plans and specifications for installation of the sprinkler system, the building's owner was to guard against the eventuality involved here by providing sufficient heat in the attic space to prevent the pipes there from freezing. Therefore, in accord with the well-established principle recognized in Leininger v. Stearns-Roger Manufacturing Co., 17 Utah 2d 37, 404 P.2d 33, 36, that "each case must be decided on the basis of its own facts . . .", we think the rule applicable here is [as very generally stated there] as follows:

" . . . the contractor is not liable if he has merely carried out the plans, specifications and directions given him, since in that case the responsibility is assumed by the employer, at least when the plans are not so obviously dangerous that no reasonable man would follow them." [Identical with a portion of the Annotator's Comment at 58 A.L.R.2d 893, on the case of Russell v. Arthur Whitcomb, Inc., 100 N.H. 171, 121 A.2d 781.]

In Leininger, supra, the latter part of the rule was expressed in more specific terms by the following quotation from Ryan v. Feeney & Sheehan Bldg. Co., 239 N.Y. 43, 145 N.E. 321, 41 A.L.R. 1:

" * * * A builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow, unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury."

See also Prosser on Torts, 2d Edition, p. 519, and 3d Edition, id., p. 695, and notice Littlehale v. E. I. duPont de Nemours & Co., [U.S.D.C., S.D., N.Y.], 268 F.Supp. 791, 802, footnote 16, as follows:

"Indeed, one Court has gone so far as to absolve the contractor, following plans, of responsibility without even appending the 'glaring and obvious' limitation.

" 'When the work has been performed in accordance with plans and specifications furnished by the owner which the contractor is bound to follow and the completed work has been accepted by the owner, the contractor is not liable to a third person for injuries resulting from a structural defect. * * * [T]he injury-causing defect *is in the plans and specifications* and not the result of negligence on the part of the contractor.' Barnthouse v. California Steel Bldgs. Co., 215 Cal.App.2d 72, 29 Cal.Rptr. 835, 836 (Dist.Ct.App.1963)." [Emphasis added.]

Notice also Lancaster v. Connecticut Mut. Life Ins. Co., 92 Mo. 460, 5 S.W. 23, 25, in which it was said:

"1. A question made by the appellant is that Barnes & Morrison were independent contractors and they, and not the defendant, are liable for the injuries resulting to the plaintiff's house. *If the negligence* which produced the injury *was not in the workmanship, or the materials* to be furnished by the contractors, *but in the plans and specifications, then the defendant cannot* be relieved

from liability, or *shift the responsibility to the contractors.* [citing cases.]" [Emphasis added.]

In the present case, although plaintiff's Second Amended Petition alleged that defendant *designed,* as well as installed, the sprinkler system, it does not allege any defect in installation, materials or workmanship except as related to bursting or leaking pipes in the building's attic space. The substance of plaintiff's alleged cause of action against defendant is contained in said Amended Petition's paragraph "VII", which reads as follows:

"That defendant, Williams Automatic Sprinkler Co., Inc., failed to install as a part of said sprinkler system an anti-freeze loop, dry-pipe valve or similar protective device, to keep water from freezing in said sprinkler system and that as a direct result thereof, a portion of the pipes comprising said sprinkler system did freeze and break causing water to be emitted therefrom, which water rose to such a level in said building that it covered plaintiff's property, and that by reason of this negligence of the defendant, Williams Automatic Sprinkler Co., Inc., and as a proximate result thereof, plaintiff's working records, manufacturing materials, goods-in-process, and finished products were damaged or destroyed, and plaintiff's manufacturing business was disrupted all to plaintiff's damage as heretofore stated; * * * that said sprinkler system was defective and a dangerous instrumentality by reason of the lack of the installation of an anti-freeze loop, dry-pipe valve, or similar protective device to keep water from freezing in said sprinkler system . . .; and that said sprinkler system was unfit for the purpose for which it was to be used, all of which defendant, Williams Automatic Sprinkler Co., Inc., knew or could foresee; that defendant, Williams Automatic Sprinkler Co., Inc., was careless and negligent and did not exercise ordinary care and prudence in the design, manufacture or installation of said sprinkler system; that defendant, Williams Auto-

matic Sprinkler Co., Inc., owed plaintiff the duty of using reasonable care in designing, manufacturing and installing said sprinkler system, by reason of said sprinkler system being a dangerous instrumentality."

Here, although plaintiff's Second Amended Petition sets forth conclusions of the pleader to the effect that the sprinkler system defendant installed was dangerous, and known by it to be dangerous, those conclusions were not controlling in deciding whether or not defendant's Motion for Summary Judgment should be sustained or overruled. In this connection, notice Mosburg v. Parker, Okl., 376 P.2d 345, 347, and Lewis v. Childers, Okl., 376 P.2d 583, 586, citing Duncan v. Golden, Okl., 316 P. 2d 1116, 1119, and Speaker v. Board of Co. Com'rs of Oklahoma County, Okl., 312 P. 2d 438. Especially is this true where plaintiff's offer of "no response" [which the trial court noted] may be considered as an "admission" [under District Court Rule 13, O.S.1971, Vol. I, p. 922] that defendant's failure [in the course of the installation] to make provision against pipe-freezing in the attic space was due to the specifications under which the installation was performed, rather than to any deliberate neglect or culpable act of malfeasance or misfeasance on the part of defendant. Ordinarily, a contract stipulation, like the one referred to, would tentatively counterbalance, or preclude, any inference of negligence on the part of a contractor or subcontractor from his failure to build into the sprinkler system any safeguard against its attic pipes freezing, for, as said in Restatement of the Law, Torts 2d, § 384, Comment f [as partially quoted in Romano v. Rossano Construction Company, Mass., 341 Mass. 718, 171 N.E.2d 853, 856]:

"* * * a * * * contractor entrusted with such work is usually entitled to assume that the plans, specifications and directions given him are such as will make the work safe."

The above quoted statement would not hold true where such an installation, when made as specified or contracted for, is so obviously capable of causing imminent and

certain injury that a reasonable and prudent installer would recognize such danger and foresee its consequences. Otherwise, as in the present case, there can be no justification for "fastening responsibility" on the contractor or subcontractor "not only for its own part" of the contract work, but also "for seeing to it", after his work has been accepted, that the building owner performed his task of heating the attic. In this connection, see Walker v. McNichol Paving & Construction Co., 325 Pa. 267, 189 A. 673, 675, quoting Jones v. McNichol Paving Co., 317 Pa. 246, 176 A. 444, 446.

In accord with the foregoing, we have concluded that the trial court did not err in sustaining defendant's motion for summary judgment. Therefore, defendant's petition for certiorari is granted, the decision of the Court of Appeals is reversed, and the order and/or judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, LAVENDER and SIMMS, JJ., concur.