[No. G004798. Fourth Dist., Div. Three. Apr. 19, 1989.]

VIEJO BANCORP, INC., et al., Plaintiffs and Respondents, v. FRANK D. WOOD, Individually and as Trustee, etc., et al., Defendants and Appellants.

[No. G005420. Fourth Dist., Div. Three. Apr. 19, 1989.]

WILLIAM T. BRADY, etc., et al., Plaintiffs and Respondents, v. FRANK D. WOOD, Individually and as Trustee, etc., et al., Defendants and Appellants.

COUNSEL

Bird, Marella, Boxer, Wolpert & Matz, A. Howard Matz, Robert J. Rose, Mark T. Drooks, Duffern H. Helsing and Halina F. Osinski for Defendants and Appellants.

Bryan, Cave, McPheeters & McRoberts, Todd M. Sloan, Agatha M. Melamed, Ellyn J. Stein, Miller, Boyko & Bell, Roy Morrow Bell, Mary V. Goodhue and Barbara A. Maggio for Plaintiffs and Respondents.

OPINION

**SCOVILLE, P. J.**—Defendant Frank D. Wood (Wood)[1] appeals from a judgment purporting to enforce a written settlement agreement. At issue is whether a motion to enforce a settlement agreement under Code of Civil Procedure section 664.6 may be considered in an action other than the action in which the settlement was made. We hold it may not, and reverse the judgment.

## FACTS

Wood is a founder and former chief executive officer of Viejo Bancorp, Inc., and Mission Viejo National Bank (Bank). In 1984 Wood became embroiled in a bitter dispute with other Bank officers over management of Bank affairs. Unable to resolve the dispute internally, Wood, Bank and the directors sued each other for damages, indemnity and other relief in four separate actions (the old action).

In March 1985 the parties entered into a written settlement of the old action. The agreement provided the old action would be dismissed and for a period of 18 months Wood would, among other things, assist Bank in its dealings with federal and state regulators, vote his stock in favor of management and its slate of candidates, and refrain from filing lawsuits against Bank. It also provided that if Bank failed to raise $600,000 in additional capital within six months of the execution of the agreement, the agreement would no longer be binding on Wood. Finally, it provided the parties could take action in law or equity to enforce their rights under the agreement, and

---

[1] Defendants are Frank D. Wood, individually and as trustee of the Frank D. Wood Living Trust, and the Frank D. Wood Living Trust. For convenience only, we refer to them collectively as Frank Wood.

the prevailing party would be entitled to costs and attorney's fees. On execution of the agreement, the old action was dismissed with prejudice.

In January 1986 Bank filed a new action against Wood for breach of contract and damages (the new action).[2] Bank alleged that since August 1985 Wood had "continuously and purposefully breached both the intent and spirit" of the settlement agreement. Bank requested an order declaring the agreement enforceable, and an order enjoining Wood from violating the terms and conditions of the settlement.

In May 1986 Bank made a motion in the new action under Code of Civil Procedure section 664.6 to enforce the settlement agreement. Although the trial court stated the motion "could and should have been brought" in the old action, it reasoned that since "there will be no prejudice to the involved parties and because, based on the court's analysis on the merits, the result would be the same, the court treats the current motion as having been filed" in the old action. The court granted the motion and judgment was entered in the new action on September 10, 1986. The judgment provided, however, that it "shall be deemed to relate back" to the old action.

Under the settlement agreement, Wood's obligations expired September 19, 1986, or 18 months after the agreement was executed. Bank filed a motion to extend the agreement for one year arguing Wood had breached the agreement, Bank had not received a full 18 months of performance, and Bank was therefore entitled to an extension of the agreement until September 18, 1987. Wood denied breaching the agreement, and claimed Bank was the breaching party. ▆▆▆▆ The court found Wood breached the settlement agreement and ordered it extended for a period of one year.[3] The court also ordered Wood to pay Bank attorney's fees of more than $22,000.

Wood appeals the judgment, the extension of the term of the judgment, and the award of attorney's fees.

---

[2] A separate action for damages filed by William T. Brady, chief executive officer of Bank, was consolidated with Bank's action.

[3] After the briefs were filed, Wood moved to augment the record with additional declarations and documents to prove Bank had breached the settlement agreement. (Cal. Rules of Court, rule 12(a).) The motion is denied. Even if the 1986 amendment to rule 12 permits a party to augment the record on appeal with new evidence which was not before the trial court, which we doubt, the request here is inappropriate. The clear purpose of the motion is to encourage this court to make factual findings contrary to those made by the trial court. (Code Civ. Proc., § 909.) Under the facts of this case, we decline to do so. The fact-finding power of the appellate court should be exercised sparingly, and it should not be used on a general reversal. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 653, at p. 633.)

DISCUSSION

I

Before turning to the merits, we dispose of two threshold issues raised by the parties: appealability and mootness.

■ Wood contends the judgment, which was entered in the still pending new action, is appealable even though it does not finally conclude the new action. We agree. "Although the law relating to appealability speaks in terms of orders or judgments," it is well established "that it is not the label but rather the substance and effect of a court's judgment or order which determines whether or not it is appealable. [Citation.]" (*In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638 [235 Cal.Rptr. 198].) Here, it is clear the trial court intended to effect a final judgment in the old action. Since the intended substance and effect of the judgment is to finally dispose of the old action, the judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a). It is also appealable even though we ultimately conclude the judgment is void. (*Conservatorship of Romo* (1987) 190 Cal.App.3d 279, 283 [235 Cal.Rptr. 377]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 133, at p. 142.) Finally, we note the subsequent orders extending the term of the agreement and awarding Bank attorney's fees are appealable under Code of Civil Procedure section 904.1, subdivision (b), as orders made after an appealable judgment.

■ Bank argues the appeal should be dismissed as moot because the settlement agreement has by its own terms expired, and any reversal of the judgment would be without practical effect. Bank relies on *County of Los Angeles* v. *Butcher* (1957) 155 Cal.App.2d 744 [318 P.2d 838] and *Covina Union High School* v. *California Interscholastic Federation* (1934) 136 Cal.App. 588 [29 P.2d 323].

While it is true the agreement has expired, an appeal will not be dismissed as moot if "*any material question* remains to be determined." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 525, pp. 507-509, italics in original.) A material question exists when the judgment, if left unreversed, would preclude a party from litigating its liability on an issue still in controversy. (*Motown Record Corp.* v. *Brockert* (1984) 160 Cal.App.3d 123, 128 [207 Cal.Rptr. 574]; 9 Witkin, *op. cit. supra,* at pp. 507-509.) Unlike *Covina* and *Butcher,* where time muted the need to resolve the only issue, the validity of an injunction, the judgment here effectively prevents Wood from litigating the key issue in the new action: liability. Whether Wood breached the agreement, a fact "resolved" by the trial court, is a material question which forms the basis of Bank's claim for damages. A finding that the appeal is

moot would also leave unanswered the propriety of the award of $22,000 in attorney's fees for bringing the motion. Under all the circumstances, we conclude the appeal should not be dismissed as moot.

## II

We turn to the primary issue, that is whether a motion to enforce a settlement agreement under Code of Civil Procedure section 664.6 may be made in an action other than the action in which the settlement was made.

Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." By its very terms, section 664.6 is limited to settlements reached in *pending* litigation. Indeed, the very purpose of this section is to permit a court, via a summary proceeding, to finally dispose of an action when the existence of the agreement or the terms of the settlement are subject to reasonable dispute, something not permissible before the statute's enactment. (*Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989, 994 [203 Cal.Rptr. 356].)

Code of Civil Procedure section 664.6 is unavailable here since the old action was not pending at the time the court sought to enter judgment. On execution of the settlement agreement, the old action was voluntarily dismissed by the parties. An action which is voluntarily dismissed in its entirety is no longer pending. (Code Civ. Proc., § 1049.) Even though the trial court was persuaded Wood had breached the agreement, the court's resolution of this factual issue did not permit it to enter judgment in the old action. In short, in the absence of a motion under Code of Civil Procedure section 473 to vacate the dismissal, the court was without subject matter jurisdiction of the old action. (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 336, p. 755; *Tarvin* v. *Tarvin* (1986) 187 Cal.App.3d 56, 60 [232 Cal.Rptr. 13].)

Bank relies on the theory, first advanced by the trial court, that Code of Civil Procedure section 664.6 only requires an action to be pending when the parties enter into the agreement. It does not require the action to be pending when the court seeks to enter the judgment. We disagree. This is an issue of subject matter jurisdiction. And whether an action is pending and the court has concurrent jurisdiction to act is an issue which must be determined at the time the court seeks to act. Because the old action was no longer pending at the time the court sought to enter the judgment reviewed here, the court was without subject matter jurisdiction.

However, Bank claims the court retained jurisdiction to enter judgment under Code of Civil Procedure section 664.6 even though the old action was

dismissed, relying on *Casa De Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182 [213 Cal.Rptr. 790]. But that case is clearly inapposite because there the parties filed a partial dismissal of the old action, the trial court was never ousted of subject matter jurisdiction, and thus it had the power to perform further acts in the old action. Here, on the other hand, the court lost subject matter jurisdiction when the parties filed a voluntary dismissal of the entire cause. Since subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel, the court cannot "retain" jurisdiction it has lost. (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 10, pp. 374-375; *Summers* v. *Superior Court* (1959) 53 Cal.2d 295, 298 [1 Cal.Rptr. 324, 347 P.2d 668].)

Next it is argued the court could recapture subject matter jurisdiction because Wood was estopped from asserting lack of jurisdiction. Of course, subject matter jurisdiction may not be conferred by estoppel (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 10, pp. 374-375). The trial court reasoned: "The majority of cases which are settled contemplate dismissal of the pending action(s). To adopt [Wood's position] would place a party settling in good faith who, as part of the performance of the settlement, agrees to dismissal of the action without the expedient remedy to enforce the settlement envisioned by the legislature. A party in [Wood's] position could agree as part of the settlement to dismiss an action and then avoid further performance under the settlement agreement, arguing, as here, that no motion can be made to enforce the settlement because the court has been ousted of jurisdiction. Thus, not only would a party in [Bank's] position be denied the benefits of the bargained for settlement but would be denied the means of enforcing same without further protracted litigation."

While the court points out the weakness in the settlement agreement as it was drafted, the simple answer is that no one forced Bank to agree to a settlement which provided for dismissal of the old action. As the parties certainly recognized, not all settlements contemplate a dismissal of the underlying action. Bank could have protected itself from Wood's alleged infidelity by refusing to agree to that provision. It did not. No matter how toothless the agreement may seem in retrospect, it is not the province of the trial court to rewrite it and put in the teeth the complaining side now thinks it should have had. (*Apra* v. *Aureguy* (1961) 55 Cal.2d 827, 830-831 [13 Cal.Rptr. 177, 361 P.2d 897].) Bank's remedy, if any, was to move to vacate the dismissal. (Code Civ. Proc., § 473.)

In an attempt to uphold the judgment, Bank argues the court always has the inherent power to enter judgments nunc pro tunc, relying on *Young* v. *Gardner-Denver Co.* (1966) 244 Cal.App.2d 915 [53 Cal.Rptr. 522]. But *Young* merely stands for the proposition that the court may correct a

clerical error in the judgment nunc pro tunc. (*Gravert* v. *DeLuse* (1970) 6 Cal.App.3d 576, 581 [86 Cal.Rptr. 93].) We wonder, and Bank fails to point out, what clerical error the trial court was correcting here.

We disagree with Bank's assertion that the trial court's interpretation of Code of Civil Procedure section 664.6 is "consistent with its remedial purposes." Prior to the enactment of section 664.6, a party who sought to enforce a settlement agreement could file a separate action for specific performance, or could seek leave to file a supplemental pleading in the first action. (*Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213, 215, 217-218 [142 Cal.Rptr. 563].) If there was a dispute as to the terms of the agreement or whether an agreement had been made, *Gregory* held those issues could be tried in a summary proceeding, noting that, "Equitable relief may be obtained by the summary remedy of a motion *in an already existing action.* [Citation.]" (*Gregory* v. *Hamilton,* 77 Cal.App.3d at p. 220, italics added.) No mention was made, nor do we think *Gregory* intended to suggest, that this summary motion could be made in a dismissed action or in a separate action for specific performance.

As explained by the appellate court in *Varwig* v. *Leider* (1985) 171 Cal.App.3d 312, 315-316 [217 Cal.Rptr. 208]: "Parties to a compromise agreement have been allowed to enforce their settlements by making a motion to have judgment entered in the underlying lawsuit in accordance with the terms agreed to by the parties. *This procedure furthers the public policy favoring settlements by removing the necessity of the filing of a separate lawsuit to enforce the parties' agreement. . . .* [¶] However, until a party seeks to enforce a compromise agreement and to have judgment entered thereon, the underlying lawsuit has not finally been disposed of although the parties may in fact be bound by a valid and enforceable settlement contract. . . . [¶] . . . *A dismissal . . . will not . . . adversely affect the agreement between the parties.* Such agreements are contracts and are governed by the general principles of contract law. [Citation.] *The parties will retain their right to seek to specifically enforce their settlement contract even if the underlying lawsuit is dismissed.* It is true that, if a separate lawsuit to enforce the agreement is filed, the purpose of encouraging settlement . . . will be defeated. The policies favoring settlement must, however, be balanced against the expressed desire of the Legislature to have litigation resolved in a reasonably expeditious manner." (Italics added.)

We hold, therefore, that a motion under Code of Civil Procedure section 664.6 cannot be made in a separate action to enter judgment pursuant to the terms of a settlement in a prior action. ■ ■■■■ Having

concluded that the judgment must be reversed, it is clear the subsequent orders, which are based on the entry of judgment, must also be set aside.[4]

## DISPOSITION

The judgment is reversed.

Sonenshine, J., and Moore, J., concurred.

---

[4] We note that even if the terms of the judgment could be extended, a court's power to make factual determinations under section 664.6 is generally limited to whether the parties entered into a valid and binding settlement agreement. (See *Corkland* v. *Boscoe, supra*, 156 Cal.App.3d at p. 994.) The power would not appear to extend, at least under the facts of this case, to whether one party had breached the terms of the agreement. Judgment may be entered under section 664.6 whether the parties are complying with the terms of the agreement or whether they are not.