COMMODORE HOME SYSTEMS, INC., a corporation, Appellant,

v.

CITICORP ACCEPTANCE COMPANY, INC., Appellee.

No. 65029.

Supreme Court of Oklahoma.

March 21, 1989.

Rehearing Denied July 12, 1989.

David Pomeroy, Andrew Tevington, Oklahoma City, for appellant.

James M. Chaney, Matthew L. Standard, Kirk & Chaney, Herbert Graves, Sullivan, Graves & Densmore, Oklahoma City, for appellee.

SIMMS, Justice:

Action on an alleged oral contract. The trial court granted summary judgment in favor of defendant, appellee. The Court of Appeals, Division IV, reversed the trial court's ruling and remanded the case for trial. We vacate the decision of the Court of Appeals and reinstate the ruling of the trial court.

Appellant, Commodore Home Systems, Inc., manufactures mobile homes for wholesale distribution to retailers who, in turn, sell them to the public. Key Mobile Homes, (hereinafter "Key", though not a party to this litigation), was one such retailer. Citicorp Acceptance Company, Inc., appellee, provided consumer financing for the purchase of mobile homes manufactured by appellant and sold by Key.

Commodore's petition alleged that Key Mobile Homes had agreed with a customer on the sale of a mobile home manufactured by Commodore and that Citicorp had agreed to provide financing for the sale. The appellant further alleged that in a separate agreement, Citicorp had orally contracted to pay the wholesale price directly to Commodore and that Citicorp subsequently refused to honor that commitment.

The trial court overruled Commodore's motion for summary judgment, granting judgment, instead, in favor of Citicorp. The court expressly found that Commodore was unable to show the existence of consid-

eration for the alleged agreement. The Court of Appeals reversed the trial court and remanded the case for trial with instructions that the existence of the agreement is to be construed as an admitted fact which Citicorp is now estopped to deny. We granted certiorari to examine the legal basis for the Court of Appeals' ruling that a party's averments in response to a motion for summary judgment are to be construed as admissions which that party is estopped to deny on remand after reversal on appeal.

## I.

In summary, the Court of Appeals reasons that when a party successfully defends against a motion for summary judgment, resulting in judgment being granted in their favor, the posture assumed by the prevailing party constitutes an unqualified and irrevocable admission of contested facts which bind that party on remand when the trial court's judgment is reversed on appeal.

The legal support for the conclusion reached by the Court of Appeals arises from language in *Loyd v. Saffa*, Okl.App., 719 P.2d 844 (1986) where, at page 848, that court states:

"One cannot admit a material fact for the purpose of obtaining a [summary] judgment and later prevent its use [on remand] as evidence by disclaiming or repudiating it on the ground it was only a contingent admission and he really did not mean that it was an undisputed fact."

We do not believe this is an accurate statement of law.

Rule thirteen of the Rules for District Courts states, in pertinent part, that:

"a. A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, stipulations, answers to interrogatories and to requests for admissions, affidavits, and exhibits on file, filed with his motion or subsequently filed ... show that there is no substantial controversy as to any material fact....

.    .    .    .    .

b. ... **All material facts set forth in the statement of the movant** which are supported by admissible evidence *shall be deemed admitted for the purpose of summary judgment* unless specifically controverted by the statement of **the adverse party** which is supported by admissible evidence....

.    .    .    .    .

e. If it appears to the court that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment to said party **whether or not he is the moving party.** ...

\*    \*    \*    \*    \*    \*

12 O.S.Supp.1989, Ch. 2, App. Rule 13" (emphasis added).

Provisions of our pleading code must also be considered. Title 12 O.S.Supp.1984, § 2008(E) states that "[a] **party may set forth,** and at trial rely on, **two or more statements** of a claim or defense **alternately or hypothetically,** either in one count or defense or in separate counts or defenses ..." and that the party "may also state as many separate claims or defenses as he has **regardless of consistency** and whether based on legal or equitable grounds." (emphasis added). The Court of Appeals appears to have ignored this portion of the pleading code because that Court's ruling in this case renders the above provision ineffective.

## II.

The record before the trial court for consideration in support of Commodore's motion for summary judgment consisted of the following material.

In an affidavit in support of their motion for summary judgment, Appellant alleged that a Key representative advised Commodore's Controller, Glen Wile, that Citicorp would be providing the financing for the sale and Commodore should contact Citicorp directly to arrange payment of the wholesale price. Wile is alleged to have then telephoned a representative of Citi-

corp, he could only indentify as "Liz". "Liz" is alleged to have agreed, on behalf of Citicorp, to accept transfer of the title documents for the mobile home directly to Citicorp and to pay the portion of the loan proceeds that was Commodore's wholesale price directly to Commodore, rather than relying on Key to forward payment, as Citicorp alleges was their usual course of dealing.

In response to Citicorp's interrogatories, Commodore states that at the time the title documents were sent to Citicorp, ownership of the mobile home in question had been transferred to Key Mobile Homes. Commodore admits that by virtue of that transfer of ownership, Key Mobile Homes was indebted to Commodore for the wholesale price of Twenty Three Thousand, Seven Hundred Thirty Five Dollars ($23,735.00). The answers further state that Key did tender a check to Commodore for that amount, but that the check was subsequently dishonored. These answers to interrogatories were made part of the record prior to Citicorp's response to Commodore's motion for summary judgment.

Citicorp's response to Commodore's motion for summary judgment presented alternative theories. First, Citicorp argued that there remained contested issues of material fact. Citicorp denied the allegation that their employee, Liz Patterson, at any time promised to forward funds to Commodore and denied that Commodore had any reasonable expectation of receiving the wholesale payment from Citicorp. Citicorp denied that they would ever agree to such an arrangement because they would not have received any benefit from the alleged transaction.

Second, and alternatively, Citicorp argued that, even if the alleged agreement had been made, Commodore had failed to show the existence of consideration necessary to create a binding contract. Citicorp attached the affidavits of its employee, Liz Patterson, and its area manager, Mike Pool, in support of its response brief and concluded with their own request for judgment against Commodore.

The record shows that Citicorp only admits receiving the title documents from Commodore and that they consistently denied the existence of any separate agreement relating to payment of the wholesale price. By affidavit, Citicorp's employee, Liz Patterson, admitted having a telephone conversation with Commodore's representative but stated that she informed him that Citicorp could not bypass the retailer, Key, as requested and that she never promised to pay Commodore directly, as Wile had asked.

### III.

This Court has repeatedly stated the settled rule that summary judgment is appropriate *only* when the record shows that there is no substantial controversy as to the existence of any material fact. *Flanders v. Crane Co.*, Okl., 693 P.2d 602 (1984); *Poafpybitty v. Skelly Oil Co.*, Okl., 517 P.2d 432 (1973); and cases therein cited. And, while we agree with the Court of Appeals' belief that the motion is frequently abused through its use as an alternative discovery device, we cannot accept the punitive estoppel sanction espoused by that court in this case. Clearly, there were issues of material fact left to be resolved and the trial court was correct in denying Commodore's motion for summary judgment.

With respect to admissions, the meaning of rule 13 is clear. A material fact is deemed an admission only "for the purpose of summary judgment" only when "not specifically controverted" by the arguments of the party opposing the motion. Here, Citicorp quite specifically took issue with both of Commodore's statements that an agreement had been reached and that the alleged agreement had been supported by consideration. In short, Citicorp's posture in this matter was specifically mandated by the applicable provisions of rule 13. Similarly, our pleading code not only permits alternative pleading, but Citicorp is required to raise the affirmative defense of failure of consideration in a response, otherwise the existence of consideration is deemed to have been admitted. 12 O.S.

Supp.1984, § 2008(D) and (E). To the extent that the Court of Appeals decision in *Loyd v. Saffa*, Okl.App., 719 P.2d 844 (1986), supports the result reached in this case by the Court of Appeals, it is hereby overruled.

### IV.

In the matter before us the trial court properly found a lack of consideration for the alleged oral contract. It is an elementary rule that a detriment suffered by a party in reliance on the promise of another is ample consideration to enforce a promise. 15 O.S.1981 § 106. Simply recognizing the rule is not the same as resolving the issues raised by Commodore's allegations and Citicorp's response. A detriment was plead and argued in this case. However, the detriment argued by Commodore is a conclusory allegation unsupported by allegations or stipulations of facts in the record. The trial court, when ruling on the motion, is at liberty under Rule 13 of the Rules for District Courts to disregard unsupported conclusory allegations. 12 O.S. Supp.1989, Ch. 2, App.; see e.g.: *Contractors of Engineering and Mfg. of Oklahoma, Inc. v. Williams Automatic Sprinkler Co., Inc.*, Okl., 527 P.2d 325 (1974). Rule 13 directs the trial courts, when ruling on a motion for summary judgment, to consider not only the arguments raised, but also "the depositions, admissions in the pleadings, stipulations, [and] **answers to interrogatories** and to requests for admissions...." 12 O.S.Supp.1989 Ch. 2, App. (emphasis added).

By its own responses, Commodore admitted that the debt they seek to recover here is owed by Key Mobile Homes, in whose name Commodore placed ownership of the mobile home prior to forwarding the title documents to Citicorp. Key's actions, as admitted by Commodore, in offering payment on the debt, together with Commodore's actions, vis-a-vis record ownership of the mobile home prior to litigation and Commodore's attempt to negotiate the tendered check, is additional evidence of the fact that the debt is owed by Key and that Commodore had not relied on the alleged promise by Citicorp.[1]

Commodore's acts are tantamount to an acknowledgement that they had no reasonable belief that there was an agreement that Citicorp was responsible for that payment. Just as a claim that a party knows he has no right to assert cannot serve as consideration, *Powers Restaurants, Inc. v. Garrison*, Okl., 465 P.2d 761 (1970), a detriment suffered at the hands of one not party to an alleged agreement cannot serve as consideration. Therefore, we believe that a finding that Commodore failed to show any detrimental reliance is implicit in the trial court's ruling. The record before us suggests that any detriment suffered by Commodore seems more likely the result of Key's insolvency, not from the breach of a contested oral agreement allegedly made by a then unknown employee of Citicorp.[2] On appellate review, a trial court's decision must be affirmed if there exists a sound legal reason to support that judgment, even if the reasons stated by the trial court appear erroneous. *Atlantic Richfield Co. v. State ex rel. Wildlife Conservation Commission*, Okl., 659 P.2d 930 (1983).

### V.

Accordingly, we VACATE the opinion of the Court of Appeals and specifically over-

---

**1.** In addition, basic notions of Agency Law raise the question of whether Commodore's alleged reliance on the alleged agreement was reasonable. When dealing with the agent of a fully disclosed principal, a duty is owed by the party so dealing to ascertain the scope of the agent's authority. *American Body & Trailer Co. v. Higgins*, 195 Okl. 349, 156 P.2d 1005 (1945); *Miller & Miller Auctioneers, Inc. v. Mersch*, 442 F.Supp 570 (W.D.Okl.1977). See also: 2A C.J.S. Agency § 168. The fact that Commodore's representative, Glen Wile, was not even aware of the full name of the "agent" he spoke with is a strong indication of Wile's lack of diligence in fulfilling this duty.

**2.** We also note, arguendo, that if the agreement had been made as alleged by Commodore, and considering the admission that the debt at issue is owed by Key Mobile Homes, the agreement is one to answer for the debt of another. As such, it would be unenforceable **as a matter of law.** 15 O.S.1981 § 136(2); *John A. Brown Co. v. Oklahoma City General Hospital*, 187 Okl. 257, 102 P.2d 860 (1940).

rule *Loyd v. Saffa,* Okl.App., 719 P.2d 844 (1986), insofar as that decision is inconsistent with the pronouncements herein.

Nothing in this opinion, however, is to be construed as modifying, in any manner, the general rules of admissions and the admissibility thereof. 12 O.S.Supp.1981, § 2801(4)(b). Nor should the views expressed herein be construed as affecting in any manner existing law regarding the admissibility of matters contained in the court file.

The ruling of the trial court granting summary judgment in favor of Appellee, Citicorp Acceptance, Inc., is AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., HODGES, LAVENDER, DOOLIN, ALMA WILSON, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

SUMMERS, J., dissents.