Filed 11/17/22 Loudon v. DHSE CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CLAYTON LOUDON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DHSE, INC. et al.,<br><br>    Defendants and Appellants. | B322559<br><br>(Riverside County<br>Super. Ct. No.<br>PSC1703855)<br><br>ORDER MODIFYING<br>OPINION<br>(NO CHANGE IN THE<br>APPELLATE JUDGMENT) |

THE COURT:

It is ordered that the opinion filed herein on November 16, 2022 be modified as follows:

At the top of page 2, counsel listing for Plaintiff and Respondent is changed from "GrahamHollis APC, Graham S.P. Hollis, Vilmarie Cordero, Nathan Reese; Irvine Law Group and Rod Bidgoli for Plaintiff and Respondent." to:

GrahamHollis APC, Graham S.P. Hollis, Vilmarie Cordero, Nathan Reese; Irvine Law Group, Rod Bidgoli; Irvine Bidgoli, P.C. and Rod Bidgoli for Plaintiff and Respondent.

_____

There is no change in the appellate judgment.

_____

PERLUSS, P. J.             SEGAL, J.             FEUER, J.

Filed 11/16/22  Loudon v. DHSE CA2/7 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CLAYTON LOUDON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DHSE, INC. et al.,<br><br>    Defendants and Appellants. | B322559[1]<br><br>(Riverside County Super. Ct. No. PSC1703855) |

APPEAL from an order of the Superior Court of Riverside County, Sharon J. Waters, Judge.  Dismissed.

The Law Offices of Timothy D. Murphy and Timothy D. Murphy for Defendants and Appellants.

---

[1]    The California Supreme Court transferred this case from Division Two of the Fourth Appellate District to Division Seven of the Second Appellate District on August 24, 2022.  The previously assigned appeal number was E075714.

GrahamHollis APC, Graham S.P. Hollis, Vilmarie Cordero, Nathan Reese; Irvine Law Group and Rod Bidgoli for Plaintiff and Respondent.

———————————————

After the trial court approved the parties' agreement to settle Clayton Loudon's claim under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2699 et seq.) and entered judgment in the case, his joint employers DHSE, Inc., PSTPS, Inc., DHSL, LLC, DHSO, Inc., AACAL, Inc., ERS, LLC and Michael Bickford (collectively DHSE) moved to vacate the judgment.  The court granted DHSE's motion and vacated the judgment based on excusable neglect.  Although no subsequent judgment or other final disposition has been entered in the case, DHSE appealed the order approving the PAGA settlement agreement.  Concurrently with its opening brief, 10 months after the order approving the PAGA settlement, DHSE also filed a petition for writ of mandate seeking review of that order.  We dismiss the appeal as taken from a nonappealable order.  In a separate order we summarily deny the writ petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Loudon's Action, the PAGA Settlement, and the Order Approving the Settlement and Entering Judgment*

Loudon worked for DHSE as a nonexempt employee. Loudon alleged in his complaint that DHSE failed to pay him overtime compensation, did not adequately provide off-duty meal and rest periods and deducted various sums from his paycheck without written authorization.  Loudon asserted individual claims for various Labor Code violations and unfair business practices and a representative claim for civil penalties pursuant to PAGA.

2

Following a full day of mediation the parties settled all claims alleged in Loudon's complaint. After several months of further negotiation, the parties in August 2019 executed an Individual Settlement Agreement and Mutual Release of Claims and a Private Attorneys General Act Settlement Agreement and Limited Release of Claims. The PAGA settlement agreement required DHSE to prepare a joint motion for court approval of the settlement. DHSE never prepared the joint motion. Instead, on January 2, 2020 DHSE filed an opposition to a motion to approve the settlement, even though no such motion was pending. At a January 15, 2020 status conference counsel for DHSE explained he "prepared that opposition anticipating that the motion would be forthcoming immediately . . . but no motion came." Counsel agreed, absent a motion to approve the PAGA settlement agreement, there was nothing for the trial court to address.

Approximately six months later Loudon filed a motion to approve the PAGA settlement, arguing the agreement reflected a compromise of disputed claims and an award of attorney fees that were fair and reasonable. DHSE opposed the motion, asserting the PAGA settlement agreement was illegal because it failed to allocate between "recoverable penalties and unrecoverable wages"; the complaint lacked specific joint employer allegations; Loudon lacked standing to represent other "aggrieved employees" post-termination; the civil penalties were unjust and confiscatory; and the attorney fees were excessive. Loudon filed a reply urging approval of the agreement.

Following a hearing on July 1, 2020 the trial court granted Loudon's motion, finding the PAGA settlement to be fair, reasonable and adequate with respect to the underlying purposes of the PAGA statute. On July 16, 2020 the trial court issued an

order granting Loudon's motion to approve the PAGA settlement and entered judgment resolving both the PAGA and individual claims in the case. The court reserved jurisdiction over the action and the parties "for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the PAGA Settlement and the Court's Order Approving the PAGA Settlement; and (b) supervising distribution of amounts paid under this Settlement."

2. *DHSE's Motion To Vacate the Judgment and the Order Vacating Judgment*

On July 28, 2020 DHSE filed a notice of intent to move for an order vacating the judgment. DHSE contended it had been unaware a judgment had been entered and stated its preference that the case be dismissed with prejudice. At the hearing on the motion to vacate, counsel for DHSE conceded he had previously indicated entry of a judgment was acceptable, but claimed he had not consulted with his client and was unaware of the negative financial impact a judgment would have. Loudon opposed the motion, pointing to DHSE's delays throughout the case. The trial court acknowledged Loudon's concern and assured him, "[a]t any time defendants failed to make the payment, there is obviously your right to come in and obtain a judgment pursuant to settlement."

After taking the matter under submission, on September 3, 2020 the trial court granted DHSE's motion to vacate the judgment based on excusable neglect, ruling, "The order approving the PAGA settlement entered on July 16[,] 2020 stands. Because the PAGA settlement calls for a series of payments to be made by defendants—dismissal at this time is not appropriate. Rather—dismissal should be entered only after

4

defendants have fully complied with the settlement." The court further ruled, "If defendants fail to make any payment in a timely fashion[] as called for in the Order Approving PAGA Settlement, plaintiff may seek entry of judgment pursuant to CCP Section 664.6 or pursue any other remedies available to him."[2]

3. *DHSE's Appeal and Petition for Writ of Mandate*

On September 11, 2020 DHSE filed its notice of appeal from the trial court's "order approving settlement in the action captioned above, in favor of plaintiff CLAYTON LOUDON as an individual and as a PAGA representative" including "the court's order dated July 1, 2020 approving settlement and the court's order dated July 16, 2020 approving settlement." DHSE attached to the notice the order entered by the court on July 16, 2020. On its civil case information statement DHSE stated it was appealing the July 16, 2020 order pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1), as a "final order disposing all issues."[3]

In its opening brief DHSE asserted this court has jurisdiction to hear its appeal because the trial court's order approving the PAGA settlement was a final order fully disposing of all issues in the case. DHSE argued the substance of an order

---

[2]    On September 30, 2022 at this court's request, the parties filed a joint status report indicating further proceedings in the trial court had been stayed and DHSE has made partial payments under the terms of the settlement agreements. No judgment or other final disposition has been entered.

[3]    The civil case information statement erroneously stated the date of entry of the order as July 17, 2020.

should prevail over its title, citing *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200 (*Viejo Bancorp*), and contended, "[d]espite vacating its previously entered formal judgment, the trial court intended that its modifying order should have an identical immediate effect." Loudon did not address the issue of jurisdiction in his respondent's brief.

On May 27, 2021, concurrently with its opening brief, DHSE filed a petition for writ of mandate.[4] DHSE argued writ review of the trial court's order was appropriate because it had no adequate remedy at law if this court did not consider its appeal of the July 16, 2020 order approving the PAGA settlement. DHSE contended its petition was timely because its notice of appeal informed Loudon of the issues raised in the petition, its petition was filed within one year of entry of the challenged order, and Loudon has not been prejudiced by any delay.

While the writ petition was still pending in the Fourth Appellate District, Division Two, the court requested informal briefing addressing whether an order to show cause should issue. Loudon's response did not discuss the criteria for determining whether the issues merited consideration by way of writ petition. DHSE's response reiterated and expanded on the arguments in its petition urging the court to grant writ relief.

## DISCUSSION

1. *DHSE's Purported Appeal Is from a Nonappealable Order*

"[A] reviewing court lacks jurisdiction on direct appeal in the absence of an appealable order or judgment." (*Walker v.*

---

[4] *DHSE, Inc. v. Superior Court*, B322569. The previously assigned writ number prior to transfer to this court was E077127.

*Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21; accord, *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; see J*ennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["[e]xistence of an appealable judgment is a jurisdictional prerequisite to an appeal"].)  "The right to appeal is wholly statutory.  [Citation.]  Code of Civil Procedure section 904.1 lists appealable judgments and orders."  (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)

Code of Civil Procedure section 904.1, subdivision (a)(1),[5] authorizes an appeal "[f]rom a judgment, except an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or a judgment of contempt . . . ."  Although the trial court's order of July 16, 2020 is most definitely not a judgment—DHSE successfully moved to vacate the judgment actually entered on that date—DHSE nonetheless contends its appeal of that order falls within section 904.1, subdivision (a)(1), because it is a "final order . . . approving full settlement of all claims and issues in the case amounting to final disposition of them . . . such that the order approving settlement is a final judgment of the action having immediate adverse monetary [e]ffect on the defendants."  As discussed, DHSE contends that the trial court intended its September 3, 2020 order vacating the judgment to have the same effect as a judgment.

DHSE is incorrect.  A prejudgment order approving a PAGA settlement is not an appealable order.  (*Moniz v. Adecco USA, Inc.* (2021) 72 Cal.App.5th 56, 71 & fn. 6.)  That order is properly reviewed on appeal only after a timely notice of appeal

---

[5]     Subsequent statutory references are to this code.

7

following entry of judgment. (*Ibid*.) And the trial court here, when vacating the judgment it had previously entered, expressly recognized this by preserving its jurisdiction to enter a judgment if one was necessary to enforce the settlement or, alternatively, to dismiss the case if DHSE complied with the settlement and the matter was finally concluded. Until one of those occurrences, the case remained unresolved.

DHSE urges us to consider the substance of the July 16, 2020 order, not its title, in determining whether it is equivalent to a final judgment appealable pursuant to section 904.1, subdivision (a)(1). (See *Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101 ["'determining whether a particular decree is essentially interlocutory and nonappealable, or whether it is final and appealable . . . [i]t is not the form of the decree but the substance and effect of the adjudication which is determinative'"].) "'As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.'" (*Id.* at pp. 1101-1102.)

Using this standard, DHSE maintains the July 16, 2020 order approving the PAGA settlement agreement should be considered a final judgment because no additional adjudication was necessary in the trial court. Yet, in addition to the fact the trial court anticipated further action may be necessary to enforce the settlement and expressly retained jurisdiction for that purpose in its September 3, 2020 order, DHSE in its opening brief

8

explained it was "determined to oppose and to rescind the agreement." Expanding on this point in its reply brief, DHSE asserted, even "[u]pon filing of the motion [to approve the settlement,] there still was nothing before the court for the defendants to rescind because without the court's approval there was not yet an agreement." Thus, DHSE understood approval of the settlement agreement was just a step in a process—a prerequisite to its attempt to rescind that agreement—not the endpoint for proceedings in the trial court. (Cf. *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107 [trial court has inherent power to reevaluate its own interim rulings]; *Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1155-1157 [same].)[6]

DHSE's reliance on *Viejo Bancorp, supra*, 217 Cal.App.3d 200, to support its argument for appealability is misplaced. In *Viejo Bancorp* one of the parties to a settlement agreement moved to enforce the agreement under section 664.6 in a second case between the same parties. Before holding the order enforcing the settlement agreement was void because a motion to enforce under section 664.6 could not be brought in an action other than the one in which the settlement had been made (*Viejo Bancorp*, at p. 206), the court of appeal held the order was appealable even though not a "judgment" because it was "clear the trial court intended to effect a final judgment in the old action," but could not because it was no longer pending. (*Id.* at p. 205.) That conclusion was fully consistent with the language of section 664.6, subdivision (a), which authorizes the court to

---

[6]     Notwithstanding its stated intent to seek rescission of the PAGA settlement agreement, DHSE did not move to rescind the agreement in the trial court before filing its notice of appeal.

9

"enter judgment pursuant to the terms of the settlement." Here, in contrast, there was no order akin to a judgment enforcing the parties' settlement, only an order approving settlement and reserving jurisdiction to enter a dismissal if DHSE fully complied with the settlement's terms or a judgment in favor of Loudon if it did not.

We, of course, have discretion to treat DHSE's purported appeal as a petition for writ of mandate and consider the merits of its challenge to the PAGA settlement on the appellate briefing. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401; *Western Bagel Co., Inc. v. Superior Court* (2021) 66 Cal.App.5th 649, 660; *Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 465.) DHSE has not made such a request, apparently content to rely on its separately filed writ petition, and does not address the factors used by the courts of appeal when deciding whether to do so. (See, e.g., *Curtis*, at p. 465 [discussing the five factors generally considered in deciding whether to treat an improper appeal as a writ petition].) We decline to exercise our discretion sua sponte, particularly since the nonappealability of the July 16, 2020 order after the court vacated the judgment at DHSE's request should have been apparent. (See *Olson*, at p. 401 [the power to treat a defective appeal as a petition for writ of mandate "should not [be] exercise[d] . . . except under unusual circumstances"]; see also *Oak Springs Villas Homeowners Assn. v. Advanced Truss Systems, Inc.* (2012) 206 Cal.App.4th 1304, 1309 [declining to treat an improper direct appeal as a petition for writ of mandate "as there is no unusual circumstance or peculiarity that would justify exercising our discretion"].)

2. *DHSE's Petition for Writ of Mandate Is Untimely*

In a separate order we deny DHSE's petition for writ of mandate, filed concurrently with its opening brief in this appeal. The petition is untimely, and DHSE failed to establish circumstances warranting writ review.[7]

"As a general rule, a petition for writ of mandate should be filed within the 60-day period applicable to appeals." (*Davis v. Superior Court* (2020) 50 Cal.App.5th 607, 614; *Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 310; *Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701.) "An appellate court *may* consider a petition for an extraordinary writ at any time [citation], but has discretion to deny a petition filed after the 60-day period applicable to appeals, and *should* do so absent 'extraordinary circumstances' justifying the delay." (*Popelka, Allard, McCowan & Jones v. Superior Court* (1980) 107 Cal.App.3d 496, 499; accord, *Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 821 ["an appellate court may consider a writ petition at any time despite the 60-day rule if it considers the circumstances extraordinary," italics omitted].)

---

[7] DHSE will have the right to appeal the order approving the PAGA settlement agreement after the trial court enters a judgment or order dismissing the case. (See *Moniz v. Adecco USA, Inc.*, *supra*, 72 Cal.App.5th at p. 71; *Uribe v. Crown Building Maintenance Co.* (2021) 70 Cal.App.5th 986, 990-991.) In addition, DHSE has not demonstrated irreparable injury absent immediate writ review (see *Los Angeles Gay & Lesbian Center v. Superior Court* (2011) 194 Cal.App.4th 288, 299), not least because it waited 10 months to file the petition.

Under the general rule the last day for DHSE to timely file a writ petition challenging the July 16, 2020 order was Monday, September 14, 2020—the first court day after DHSE filed its notice of appeal. Although DHSE contends filing its notice of appeal advised Loudon of the issues that would be raised in a writ petition within the requisite 60 days, no authority supports DHSE's argument filing a notice of appeal satisfied the 60-day rule or justified the delay of an additional eight months before actually filing its petition.

DHSE's alternative argument that it had one year to file a writ petition because PAGA claims are subject to a one-year statute of limitations borders the frivolous. DHSE purports to find support for its novel theory in *Kao v. Department of Corrections & Rehabilitation* (2016) 244 Cal.App.4th 1326, in which an inmate filed a petition for writ of mandate in superior court to compel the California Department of Corrections and Rehabilitation to process his disciplinary appeal. (*Id.* at p. 1331.) The court of appeal reversed the superior court's order sustaining a demurrer to the petition based on the 60-day rule, holding the three-year statute of limitations of section 388, subdivision (a), for a liability (or obligation) created by statute applied to Kao's petition. (*Id.* at p. 1334.) The court explained the 60-day rule did not govern the time for commencing a civil action. "Rather, it is a judicially created rule used presumptively by appellate courts to assess the timeliness of nonstatutory writ petitions seeking discretionary review of trial court decisions" (*id.* at p. 1333), and did not apply to an inmate's petition that sought "to compel the Department to act and did not seek discretionary review of a decision by the Department." (*Ibid.*)

12

Unlike Kao, DHSE did not seek to commence a civil action. It filed a nonstatutory writ petition seeking discretionary review of the trial court's prejudgment order approving the parties' PAGA settlement agreement, precisely the type of order to which the 60-day rule applies.

## DISPOSITION

The appeal is dismissed.  The parties are to bear their own costs.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.