Filed 7/3/25  In re A.V.-R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.V.-R., a Person Coming Under the Juvenile Court Law. | H051752 (Santa Clara County Super. Ct. No. 23JV46141A) |
| THE PEOPLE, Plaintiff and Respondent, v. A.V.-R., Defendant and Appellant. | |

After sustaining a wardship petition, the juvenile court placed A.V.-R. at the Santa Clara County Juvenile Rehabilitation Facilities – Enhanced Ranch Program (the Ranch) and ordered her to pay a mandatory restitution fine of $110 under former Welfare and Institutions Code section 730.6, subdivision (b).[1]  On appeal, A.V.-R. initially challenged both the $110 restitution fine and the Ranch commitment; but having since completed her Ranch commitment, she now concedes that aspect of her claim is moot.  The Attorney General concedes that the $110 restitution fine should be stricken.  We accept both concessions and will strike the restitution fine.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

## I.     BACKGROUND

The Santa Clara County District Attorney petitioned the juvenile court to make A.V.-R. a ward of the court, alleging that A.V.-R. had violated Penal Code section 245, subdivision (a)(1), assault with a deadly weapon.  After a contested jurisdictional hearing, the juvenile court sustained the petition.  At the January 2024 disposition hearing, the juvenile court denied A.V.-R.'s request to be released on community-based supervision and instead ordered A.V.-R. to be placed at the Ranch for six to eight months.  Ordering that A.V.-R. pay victim restitution in an amount later to be determined, the court also imposed a $110 restitution fine.

A.V.-R. timely appealed.

A.V.-R. completed her Ranch commitment and aftercare program before her counsel filed her opening brief, and probation was dismissed later in January 2025.[2]

## II.     DISCUSSION

### A.     *The Ranch Commitment*

In her opening brief, A.V.-R. argued that "substantial evidence d[id] not support the [juvenile] court's finding that public safety required A.V.-R. be confined at the Ranch for six to eight months."  In her reply brief, however, she agrees that her completion of the Ranch commitment made her argument moot.  We agree.

Our task is " ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276; see also *Paul v. Milk Depots, Inc.*

---

[2] We grant the Attorney General's unopposed request for judicial notice of a January 2025 supplemental probation report and proposed order recommending that "[p]robation be dismissed" and the juvenile court's issuance of the order as proposed on January 30, 2025 (about one week before the respondent's brief was originally due). (Evid. Code, § 452, subd. (d).)

2

(1964) 62 Cal.2d 129, 132 [requiring dismissal of appeal as moot " 'when . . . an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant [her] any effectual relief whatever' "].)

A.V.-R. having completed her Ranch commitment, we can grant her no effectual relief from this term of the dispositional order. Nor have we identified any alternative basis to address the merits. (See *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479–480 [describing "three discretionary exceptions to the rules regarding mootness"].) So we will turn instead to A.V.-R.'s challenge to the restitution fine, which remains a " 'material question . . . to be determined.' " (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205, italics omitted.)

**B.    *The Restitution Fine***

The juvenile court found that A.V.-R. was a person described in section 602 because she committed a felony violation of Penal Code section 245, subdivision (a)(1). At that time, former section 730.6, subdivision (b)(1) mandated a restitution fine between $100 and $1,000 "[i]f the minor is found to be a person described in Section 602 by reason of the commission of one or more felony offenses." Consistent with that requirement, the court in January 2024 imposed a $110 restitution fine.

While this appeal was pending, the Legislature amended section 730.6. (Stats. 2024, ch. 805, § 6.) Effective January 1, 2025, although the court still must order a minor to pay any victim restitution under section 730.6, subdivision (b), and still may order the minor to pay a fine under section 730.5, "[t]he court shall not impose a separate and additional restitution fine." (§ 730.6, subd. (a)(2).)

Absent a saving clause, if an amendatory statute lessening punishment " ' "becomes effective prior to the date the judgment of conviction becomes final then . . . it, and not the old statute in effect when the prohibited act was committed, applies." ' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 935; see also *In re Estrada* (1965)

3

63 Cal.2d 740, 748.)  Section 730.6 as amended lessens punishment (see *Covarrubias*, at p. 935 [treating restitution fine as punishment]), it lacks a saving clause, and the dispositional order has not yet become final.  So A.V.-R. is entitled to the benefit of section 730.6, subdivision (a)(2).  We will strike the $110 restitution fine.

### III.   DISPOSITION

The dispositional order is modified to strike the $110 restitution fine.  As the remaining challenge to the dispositional order is moot, the order is affirmed in all other respects.

_____

LIE, J.

WE CONCUR:

_____

GROVER, Acting P. J.

_____

RODRIGUEZ, J.*

*People v. A.V.-R.*
H051752

---

*Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.