Filed 3/11/24  Perez v. Graham CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| EUGENE D. PEREZ et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>KENNETH GRAHAM,<br><br>        Defendant and Respondent. | A166572<br><br>(Contra Costa County<br>Super. Ct. No. MSC13-01679) |

Eugene D. Perez and Herenia B. Perez (collectively, plaintiffs) appeal from a trial court order granting defendant Kenneth Graham's motion to vacate the renewal of the judgment against him.  We affirm.

## I.  BACKGROUND

### A. Plaintiffs' Lawsuit and Graham's Efforts to Set Aside Judgment

Plaintiffs sued Graham for legal malpractice; in 2014, the trial court entered a $300,000 default judgment against him after he failed to respond to the complaint.[1]  Years later, Graham moved to set aside the default judgment, contending he did not have notice of the lawsuit.  In January 2022, the trial court denied Graham's motion, after which he moved for

---

[1] Plaintiffs also named the Law Offices of Kenneth R. Graham as a defendant.  That entity is not a party to this appeal and any references in this opinion to "Graham" refer to him as an individual.

1

reconsideration. Graham also appealed the order denying his motion to set aside the default judgment.

### *B. Settlement Agreement*

In March 2022—while the appeal and motion for reconsideration were pending—the parties settled their dispute. Plaintiffs accepted Graham's offer to pay $12,000 in exchange for a satisfaction of judgment. Shortly thereafter, the parties entered a written settlement and release agreement (agreement) "with the intent to fully and finally resolve all issues that were raised, and those that could have been raised in the Underlying Action and an Appeal." Graham agreed to pay plaintiffs $12,000 within 10 days of execution and to file an abandonment of his appeal. In return, plaintiffs waived their right to enforce the judgment, released Graham from all past, present, or future claims arising out of the underlying lawsuit or Graham's appeal, and agreed to file a satisfaction of judgment. The agreement was fully executed on March 21; thus, payment was due by March 31.

Graham failed to make the required payment by the deadline. From mid-March through April, Graham and plaintiffs' counsel exchanged emails regarding payment. Graham sent a photo of the cashier's check he had drawn and explained he was in the Philippines and would check on the process to send it to the United States. In numerous subsequent emails, Graham and plaintiffs' counsel discussed the logistics of delivering the check, including requests for Graham to mail the check, requests for plaintiffs' counsel to send Graham a prepaid mailing label, plaintiffs' counsel providing wire instructions as an alternative method of payment, and Graham's offer to have a friend in the Philippines traveling back to the United States bring it with him.

On April 25, 2022, plaintiffs' counsel inquired about the check. Counsel asked Graham to mail the check or, alternatively, bring it to San Francisco or Oakland where counsel would pick it up. Counsel continued, "Unless the check is received in the next 5 days [April 30], the settlement will be void." Plaintiffs did not receive the check by April 30. On May 1, plaintiffs' counsel again inquired about the status of the check. On May 2, plaintiffs' counsel instructed Graham to answer his inquiries within 24 hours "or consider the settlement void." The next day, plaintiffs' counsel asked Graham for mailing information he needed to send Graham a prepaid shipping label. They communicated further regarding delivery of the check; thereafter, Graham mailed the check and plaintiffs' counsel received it on May 19.

In the agreement, Graham agreed to file an abandonment of his appeal. Having received notice from the Court of Appeal clerk that his appeal would be dismissed if he did not pay the filing fee, he waited for the clerk's dismissal. Graham's appeal was dismissed in April. By this point, Graham had also taken his motion for reconsideration off calendar per plaintiffs' counsel's request.

## C. Renewal of the Judgment Against Graham

The agreement required plaintiffs to file a satisfaction of judgment.[2] In their email correspondence, plaintiffs' counsel promised to "file an acknowledgement of full satisfaction of judgment" upon receipt of the check. In late-May, after plaintiffs had received Graham's payment, plaintiffs filed an acknowledgment of *partial* satisfaction of judgment, confirming they had

---

[2] When a money judgment is satisfied, the judgment creditor must immediately file with the court an acknowledgment of satisfaction of judgment. (Code Civ. Proc., § 724.030.) All undesignated statutory references are to the Code of Civil Procedure.

received $12,000. They subsequently renewed the 2014 judgment against Graham, which totaled over $530,000 and included a $12,000 credit.[3]

### D. Motion to Vacate and Trial Court Decision

In August 2022, Graham moved to vacate the renewal of the judgment pursuant to section 683.170,[4] asserting the terms of the agreement were a defense to an action on the judgment. He paid the agreed upon sum and dismissed his appeal pursuant to the agreement, and as a result, plaintiffs could not seek to enforce the judgment. He contended plaintiffs had waived their right to void the contract for late payment—instead of terminating the agreement, they insisted payment be made, confirmed receipt, and accepted the money. Additionally, he argued plaintiffs were equitably estopped from renewing the judgment.

In opposition, plaintiffs argued they did not waive timely payment. They contended Graham materially breached the agreement by not paying on time, which excused their obligation to acknowledge a full satisfaction of judgment.

The trial court granted Graham's motion to vacate the renewal of the judgment. It found plaintiffs had accepted and cashed the check knowing it was paid pursuant to the agreement. The court concluded this acceptance constituted an accord and satisfaction pursuant to Civil Code section 1526

---

[3] A money judgment is enforceable for 10 years, which period may be extended by renewal of the judgment. (§§ 683.020, 683.110.) A judgment creditor may renew a judgment by filing an application for renewal, upon the filing of which the judgment is renewed and the period of enforceability is extended. (§ 683.120.)

[4] Section 683.170, subdivision (a) provides that a party may move to vacate the renewal of a judgment "on any ground that would be a defense to an action on the judgment."

4

and an intentional waiver of plaintiffs' right to rescind the agreement. The court acknowledged "the difficulties in obtaining the funds, and plaintiffs' reasonable lack of trust in" Graham, and reasoned "these circumstances may suggest plaintiffs would be more willing to waive deadlines in order to collect" payment. It concluded plaintiffs' "argument that the settlement agreement was repudiated because [Graham] failed to timely comply is inconsistent with their retention of the benefits from [Graham's] performance."

## II. DISCUSSION

Plaintiffs assert multiple arguments on appeal, most of which are identical to their arguments below. They contend Graham materially breached the agreement by failing to submit payment by March 31, 2022—the deadline imposed by the agreement—which excused their obligation to acknowledge full satisfaction of the judgment. Additionally, they argue they did not waive their right to timely payment. Finally, they assert that contrary to the trial court's ruling, there was no accord and satisfaction. As discussed below, we conclude plaintiffs waived their right to claim that Graham's breach excused their performance and we do not reach plaintiffs' other arguments.

### A. General Principles and Standard of Review

A party may move to have the renewal of a judgment "vacated on any ground that would be a defense to an action on the judgment." (§ 683.170, subd. (a).) Settlement constitutes a defense. (See *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [a " 'valid compromise agreement has many attributes of a judgment, and . . . operates as a bar to the reopening of the original controversy' "].) Additionally, that the judgment was satisfied by an accord and satisfaction is a defense. (*In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1058.)

5

When there has been a material breach of a contract, the non-breaching party has "the right and option to determine what remedy he will pursue." (*B. L. Metcalf General Contractor, Inc. v. Earl Erne, Inc.* (1963) 212 Cal.App.2d 689, 693.) One option is to terminate the contract. (*Ibid.*) Alternatively, a party may waive the breach, i.e., " ' "keep the contract alive, for the benefit of both parties, being at all times ready and able to perform." ' " (*Rehart v. Klossner* (1941) 48 Cal.App.2d 46, 50.)

The right to rescind a contract may be waived. (*Neet v. Holmes* (1944) 25 Cal.2d 447, 458.) Waiver is an intentional relinquishment of a known right, and it "may be implied through conduct manifesting an intention to waive." (*Gould v. Corinthian Colleges, Inc.* (2011) 192 Cal.App.4th 1176, 1179.) "Waiver of a right to rescind will be presumed against a party who, having full knowledge of the circumstances which would warrant him in rescinding, nevertheless accepts and retains benefits accruing to him under the contract." (*Neet*, at p. 458; see also *Gould*, at p. 1179 [acceptance of benefits of a contract is conduct that supports a finding of waiver].) Waiver is a question of fact for the trial court. (*Gould*, at p. 1179.)

The party seeking to vacate the renewed judgment has the burden of proof by a preponderance of the evidence. (*American Contractors Indemnity Co. v. Hernandez* (2022) 73 Cal.App.5th 845, 848.) We review the trial court's decision for abuse of discretion, viewing the evidence in the light most favorable to the decision and deferring to the court's resolution of factual conflicts. (*Ibid.*) We review questions of law de novo. (*Ibid.*)

**B. Analysis**

It is undisputed that Graham breached the agreement by failing to pay plaintiffs by the imposed deadline. The issue is whether plaintiffs waived

6

their right to claim that Graham's breach excused their obligation of acknowledging full satisfaction of the judgment. We conclude they did.

By their conduct, plaintiffs waived the right to claim that Graham's breach excused their performance. After the deadline imposed by the agreement—March 31, 2022—passed without payment, plaintiffs did not rescind the agreement. Instead, they repeatedly discussed payment with Graham and demanded delivery of the check. In April, plaintiffs extended the deadline for Graham to pay, instructing him to deliver the check by April 30, or "the settlement will be void." When the April 30 deadline passed without payment, plaintiffs did not rescind the agreement. Instead, they continued discussions about the check. On May 2, while plaintiffs notified Graham he had breached the agreement and requested information about the check or they would "consider the settlement void," plaintiffs continued to inquire about delivery of the check for two more weeks. Plaintiffs received Graham's check on May 19.

This conduct constitutes waiver. After the initial and extended deadlines for Graham to pay expired, plaintiffs continued to recognize the existence of the agreement and continued to demand payment. (See *Neet v. Holmes*, *supra*, 25 Cal.2d at p. 458.) They then accepted the benefits under the agreement. (See *ibid*.) Plaintiffs concede they accepted the $12,000 payment. (See *Gould v. Corinthian Colleges, Inc., supra*, 192 Cal.App.4th at p. 1180 [for plaintiff "to keep the money and claim it does not constitute waiver is absurd"].) Additionally, plaintiffs acknowledge Graham's appeal was dismissed and his motion for reconsideration was taken off calendar. Repeating the trial court's sentiment, we "acknowledge[] the difficulties in obtaining the funds, and plaintiffs' reasonable lack of trust in [Graham]." But plaintiffs were aware of their right to rescind the agreement when

7

Graham failed to submit timely payment, and they instead continued to demand payment and, eventually, accepted payment. This acceptance "was [an] unequivocal affirmance of the" agreement and "destroyed whatever right of rescission" plaintiffs may have had. (*Neet*, at p. 458; see also *Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.* (2006) 144 Cal.App.4th 1175, 1190 [courts will find waiver when a " ' "*party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished*" ' "].)

In their reply brief, plaintiffs argue for the first time that their acceptance of Graham's payment "may have amounted to a waiver of his breach" if the agreement was the only basis on which they were entitled to payment. They contend, though, that another basis existed to retain the payment—collection of the judgment. We will not address this argument. Plaintiffs did not assert it in the trial court, did not raise it in their opening brief, and cite no authority to support it. (See *Avalos v. Perez* (2011) 196 Cal.App.4th 773, 776 [claim of error forfeited when party fails to bring it to the trial court's attention]; *Crawley v. Alameda County Waste Management Authority* (2015) 243 Cal.App.4th 396, 403, fn. 4 [declining to consider arguments raised for first time in a reply brief]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [when an appellant raises an issue but fails to support it with reasoned argument and citations to authority, the point is waived].)

Viewing the evidence in the light most favorable to the trial court's decision, we conclude the court did not abuse its discretion in vacating the renewal of the judgment.

8

## III.  DISPOSITION

The order granting Graham's motion to vacate the renewal of judgment is affirmed.  Graham is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)[5]

---

[5] If Graham has not already done so, he must return the record to plaintiffs' counsel pursuant to California Rules of Court, rule 8.153.

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

CASTRO, J.*

A166572
*Perez v. Graham*

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.